THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD M. KEGEL, Defendant-Appellant.

Second District   No. 2—07—0943

Opinion filed June 9, 2009.

Thomas A. Lilien and Kathleen Weck, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip J. Nicolosi, State's Attorney, of Rockford (Lawrence M. Bauer and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BURKE delivered the opinion of the court:

Defendant, Todd M. Kegel, filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2006)), challenging his conviction of attempted aggravated vehicular hijacking (720 ILCS 5/8—4, 18—4 (West 2002)). The petition was prepared by an attorney whom defendant retained for that purpose. Pursuant to section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2006)), the trial court summarily dismissed the petition. Defendant argues on appeal that the dismissal must be reversed because he did not receive reasonable assistance from his retained attorney. We affirm.

Defendant's conviction is predicated on a negotiated guilty plea. In exchange for his plea, defendant was promised that he would be sentenced to no longer than 12 years' imprisonment. After the trial court imposed the maximum sentence permitted under the agreement, defendant moved to "vacate" his guilty plea and to reconsider his sentence. The trial court denied defendant's request to vacate his plea, but granted him a new sentencing hearing, after which the court reduced defendant's prison term to 11 years.

The postconviction petition prepared by defendant's retained attorney incorrectly alleged that the trial court had granted defendant's motion to vacate his plea. Relying on *People v. Whitfield*, 217 Ill. 2d 177 (2005), the petition claimed that defendant had been deprived of due process of law because, when the trial court resentenced defendant, it did not admonish him that his prison term would be followed by a two-year term of mandatory supervised release (MSR) (see 730 ILCS 5/5—8—1(d)(2) (West 2002)). *Whitfield* holds that "due process is violated when a defendant pleads guilty in exchange for a

specific sentence and the trial court fails to advise the defendant, *prior to accepting his plea*, that a mandatory supervised release term will be added to that sentence." (Emphasis added.) *Whitfield*, 217 Ill. 2d at 195.

Evidently, counsel was under the impression that defendant had pleaded guilty anew and that the court was therefore obligated to re-admonish defendant before accepting his plea. However, that was not what occurred. Because *Whitfield* requires admonitions *prior* to acceptance of a guilty plea, and because defendant was resentenced based on his original (and only) plea, the failure to admonish him about MSR before resentencing him was of no consequence under *Whitfield*. According to defendant, his postconviction attorney could and should have asserted a *Whitfield* violation based on the trial court's failure to properly admonish defendant prior to accepting his plea. Defendant argues that he received a misleading admonishment because, rather than advising defendant that a term of MSR would *follow* a prison term, the court stated that "any [prison term] also *includes* a term of [MSR]." (Emphasis added.) Thus, defendant contends that he might have been led to believe that his 12-year sentence would consist of a 10-year prison term and a 2-year MSR term.

Whereas the right to counsel at trial is guaranteed by the sixth amendment to the United States Constitution (U.S. Const., amend. VI), "the assistance of counsel in post-conviction proceedings ' "is a matter of legislative grace and favor which may be altered by the legislature at will." ' " *People v. Owens*, 139 Ill. 2d 351, 364 (1990), quoting *People v. Porter*, 122 Ill. 2d 64, 73 (1988), quoting *People v. Ward*, 124 Ill. App. 3d 974, 978 (1984). Section 122—4 of the Act provides, in pertinent part:

> "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, *and the petition is not dismissed pursuant to Section 122—2.1*, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Emphasis added.) 725 ILCS 5/122—4 (West 2006).

Thus, the statutorily guaranteed right to counsel arises only if the petition survives summary dismissal under section 122—2.1. Our supreme court has noted that, "[b]ecause the right to counsel in post-conviction proceedings is derived from a statute rather than the Constitution, post-conviction petitioners are guaranteed only the level of assistance which that statute provides." *Owens*, 139 Ill. 2d at 364. By its terms, the statute says nothing about the quality of representa-

tion in a postconviction proceeding. However, our supreme court has placed its gloss upon the statute, holding that defendants are entitled to a reasonable level of assistance, but are not assured of receiving the same level of assistance constitutionally guaranteed to criminal defendants at trial. *Owens*, 139 Ill. 2d at 364.

■ Here, defendant's petition was summarily dismissed under section 122—2.1, so the right to counsel under section 122—4 never arose. According to defendant, however, an attorney retained to prepare a postconviction petition should be held to the same standard as an attorney appointed to assist a defendant whose *pro se* petition has passed muster under section 122—2.1. In essence, defendant seeks to disengage the guarantee of reasonable assistance from the underlying right to counsel such that the former can exist independently of the latter. Lacking any authority to cite in support of this view, defendant simply proclaims that "it makes logical and legal sense." If anything, the contrary is true because the rule that defendant champions would lead to disparate treatment among prisoners who are similarly situated except with regard to the means to obtain counsel. A prisoner whose retained attorney filed a fatally defective petition would be entitled to reversal of the summary dismissal of the petition if the attorney did not provide "reasonable assistance." In contrast, an indigent defendant with *no* assistance of counsel who filed a petition suffering the same defect would have no basis for reversal. The General Assembly could not have intended such a result.

In his reply brief, defendant suggests that counsel is obligated to provide reasonable assistance as a matter of professional ethics. It is true that, under Rule 1.1(a) of the Rules of Professional Conduct, an attorney must provide a client with "competent representation," which requires "the legal knowledge, skill, thoroughness, and preparation necessary for the representation." 134 Ill. 2d R. 1.1(a). However, this is beside the point. The sixth amendment and section 122—4 create *governmental* obligations to ensure proper representation; Rule 1.1(a) primarily creates a private obligation between attorney and client and, in our view, does not expand the scope of the State's responsibilities under the sixth amendment and section 122—4 to guarantee that a defendant is properly assisted by counsel at trial and in postconviction proceedings. This is not to say, as defendant suggests, that a postconviction attorney "can have free reign [*sic*] not to reasonably assist a defendant." An attorney who fails to provide competent representation is potentially subject to disciplinary action as well as to liability for professional malpractice.

In view of our analysis, it is unnecessary to determine whether the admonishment that defendant received before entering his plea

comported with due process. We note, however, that our holding does not *necessarily* foreclose defendant from raising this issue in a subsequent petition under the Act. To do so, however, defendant will have to obtain leave from the trial court by establishing both cause for his failure to raise the issue in his first petition and prejudice resulting from that failure. 725 ILCS 5/122—1(f) (West 2006). We express no view on whether the quality of postconviction counsel's performance could establish cause or whether it resulted in any prejudice.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

JORGENSEN and HUDSON, JJ., concur.