# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Thomas*, 2013 IL App (2d) 120646

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LLOYD T. THOMAS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0646 |
| Filed | June 20, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The second-stage dismissal of defendant's postconviction petition was upheld where the attorney initially appointed for defendant was replaced by a second attorney, the second attorney was allowed to withdraw pursuant to a motion alleging that the petition was frivolous and patently without merit, then the trial court reappointed the second attorney, subsequently replaced her with the initial attorney, and then allowed the initial attorney to withdraw on the ground that "successive court-appointed counsel" was not allowed, since there is no constitutional right to counsel in postconviction proceedings, and in defendant's case, no unusual circumstances were set forth that would justify the reappointment of his final counsel. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 00-CF-2621; the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Karen Munoz and Arden J. Lang, both of State Appellate Defender's
Office, of Springfield, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M.
Bauer and Barry W. Jacobs, both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion.

Justices McLaren and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1  Defendant, Lloyd T. Thomas, appeals from an order of the circuit court of Kane County granting the State's motion to dismiss his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)) for relief from his convictions of three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2000) (renumbered as section 11-1.30 by Pub. Act 96-1551, art. 2, § 5 (eff. July 1, 2011))). Defendant argues that he did not receive a reasonable level of assistance of counsel during the proceedings below, inasmuch as his court-appointed attorney did not comply with Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). The attorney in question was appointed after the trial court granted another attorney's motion to withdraw on the basis that defendant's petition was frivolous and patently with merit. Because we hold that under the facts of this case, after the trial court granted the motion to withdraw defendant had no further right to the assistance of counsel, we affirm.

¶ 2  Defendant was convicted following a bench trial and was sentenced to consecutive 10-year prison terms. We affirmed the convictions. *People v. Thomas*, No. 2-02-0405 (2003) (unpublished order under Supreme Court Rule 23) (*Thomas I*). Defendant filed his postconviction petition on July 17, 2004. The trial court took no action on the petition until April 27, 2005, when the court appointed counsel to represent defendant. Defendant was initially represented by attorney Ron Dolak. Attorney Rachel Hess later replaced Dolak as counsel for defendant. The record contains a certificate executed by Hess indicating, *inter alia*, that she had consulted with defendant by mail and by telephone and had reviewed the record of the proceedings at trial.

¶ 3  On May 8, 2009, Hess moved to withdraw pursuant to *People v. Greer*, 212 Ill. 2d 192 (2004). In *Greer*, our supreme court held that an attorney appointed to represent a criminal defendant in a proceeding under the Act is ethically bound to withdraw when the defendant's petition is frivolous and patently without merit. *Id.* at 209. The trial court granted Hess's motion to withdraw and denied defendant's postconviction petition. Defendant appealed and

we vacated the denial of the petition. *People v. Thomas*, No. 2-09-0908 (2011) (unpublished order under Supreme Court Rule 23) (*Thomas II*). We reasoned that the trial court erred in denying defendant's petition before the State had either answered the petition or moved to dismiss it. *Id.* at 2.

¶ 4    In *Thomas II*, we did not consider whether the trial court erred in permitting Hess to withdraw. For reasons that are not altogether clear, however, the trial court reappointed Hess to represent defendant. The court later appointed Dolak to replace Hess as defendant's attorney. Dolak subsequently moved to withdraw. Noting that Hess had previously been permitted to withdraw pursuant to *Greer*, Dolak argued, *inter alia*, that the Act does not authorize "successive court-appointed counsel." The trial court agreed with that argument and permitted Dolak to withdraw. The trial court also granted the State's motion to dismiss defendant's petition. (The State had filed the motion while Dolak's motion to withdraw was pending.) This appeal followed.

¶ 5    Under the Act, a person imprisoned for a crime may mount a collateral attack on his conviction and sentence based on violations of his or her constitutional rights. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Proceedings under the Act are divided into three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition within 90 days after it is filed and docketed. 725 ILCS 5/122-2.1(a) (West 2004). If the petition is frivolous or patently without merit, it will be summarily dismissed. 725 ILCS 5/122-2.1(a)(2) (West 2004). The petition may not be summarily dismissed where, as in this case, the trial court fails to do so within the 90-day period. *People v. Inman*, 407 Ill. App. 3d 1156, 1162 (2011). If the petition is not dismissed at the first stage, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. *Gaultney*, 174 Ill. 2d at 418.

¶ 6    Defendant argues on appeal that the second-stage dismissal of his postconviction petition must be reversed because he did not receive the level of legal assistance from Dolak to which he was entitled. It is well settled that "[t]here is no constitutional right to counsel in postconviction proceedings." *People v. Daniels*, 388 Ill. App. 3d 952, 960 (2009). The right to counsel at the second and third stages of a postconviction proceeding is purely statutory. *Id.* Although the Act does not, by its terms, specify the quality of legal representation that postconviction counsel must provide, "our supreme court has placed its gloss upon the statute, holding that defendants are entitled to a reasonable level of assistance, but are not assured of receiving the same level of assistance constitutionally guaranteed to criminal defendants at trial." *People v. Kegel*, 392 Ill. App. 3d 538, 540-41 (2009) (citing *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). The duty to provide reasonable assistance requires compliance with the specific obligations described in Rule 651(c). See *People v. Davis*, 382 Ill. App. 3d 701, 711 (2008). That rule provides, in pertinent part, that "[t]he record [on appeal] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c)

(eff. Dec. 1, 1984). "[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 44 (2007).

¶ 7    It is undisputed that Dolak did not certify, and that the record does not otherwise establish, that he fulfilled the specific obligations set forth in Rule 651(c) before the trial court granted his motion to withdraw. Defendant argues that Dolak therefore failed to provide a reasonable level of assistance. The argument gives short shrift to the trial court's stated reason for granting Dolak's motion–that the Act does not provide for "successive attorneys." In so ruling, the trial court effectively acknowledged that there was no basis for appointing Dolak after defendant's prior attorney had been allowed to withdraw under *Greer*. In *Greer*, as in this case, counsel was appointed for the defendant not because the trial court had concluded that his postconviction petition set forth any meritorious claim, but because the trial court neglected to examine the petition within the 90-day period during which the trial court was authorized to summarily dismiss the petition. The *Greer* court noted that an attorney appointed under such circumstances "may well find that he or she represents a client attempting to advance arguments that are patently without merit or wholly frivolous, a client whose petition would have been summarily dismissed had the circuit court timely considered the merits of the petition." *Greer*, 212 Ill. 2d at 207. Although the Act does not expressly authorize counsel to withdraw in such a case, the *Greer* court concluded that permitting counsel to withdraw was consistent with the legislative intent underlying the Act. *Id.* at 209. In reaching this conclusion, the *Greer* court reasoned, in part, as follows:

> "[T]he legislature has seen fit to confer upon the circuit court the power, without the necessity of appointing counsel, to dismiss, outright, petitions at first stage when they are deemed frivolous or patently without merit. The fact that the legislature has required appointment of counsel for indigent defendants when the circuit court has not considered a postconviction petition in a timely manner does *not*, in our opinion, indicate that the legislature intended that such a defendant have *continuing representation* throughout the remainder of postconviction proceedings, where counsel later determines that the petition is frivolous or clearly without merit. The purpose behind appointment of counsel in the latter instance might be, and probably is, nothing more than a desire to jump-start a process that has shown no signs of progress. There appears to be no other rationale for treating similarly situated defendants differently. Each defendant has filed a frivolous petition. The legislature surely did not intend to accord the latter defendant *continuing representation* after counsel determines the petition to be frivolous when the former defendant is never given counsel in the first place." (Emphases in original and added.) *Id.* at 208-09.

We read the words "continuing representation" in the above passage to mean representation by *any* appointed attorney (as opposed to representation by the particular attorney seeking to withdraw). To hold otherwise–*i.e.*, to hold that the statutory right to counsel persists after an attorney has been permitted to withdraw under *Greer*–would lead to precisely the sort of disparate treatment that the *Greer* court denounced. Perhaps more importantly, to appoint successor counsel after granting an attorney's motion to withdraw under *Greer* would ordinarily be an empty gesture, inasmuch as successor counsel would be obliged to withdraw

-4-

for precisely the same reasons that led his or her predecessor to withdraw. Thus, while the precise issue before the court in *Greer* was whether an attorney appointed under the Act may withdraw when his or her client's petition is incurably meritless, the import of the *Greer* court's reasoning is that, once an attorney appointed to represent a defendant in a postconviction proceeding has withdrawn in conformity with the requirements of *Greer*, there will be no further statutory right to counsel, at least in the absence of unusual circumstances.

¶ 8      After Hess withdrew in this case, the trial court denied defendant's postconviction petition *sua sponte*. In *Thomas II* we held that the trial court was not authorized to dispose of the petition until the State had either answered or moved to dismiss. We did not hold, however, that the trial court had erred in permitting Hess to withdraw under *Greer* or that defendant was entitled to appointed counsel on remand. Moreover, the record discloses no unusual circumstances that warranted the appointment of counsel, and the trial court gave no explanation for its decision to appoint counsel.

¶ 9      Although the trial court appointed counsel on remand, it cannot be said that the appointment was truly under the auspices of the Act. Consequently, defendant was not entitled to the level of assistance guaranteed when the Act actually provides a right to counsel. *Cf. Kegel*, 392 Ill. App. 3d at 541 (because defendant's petition was summarily dismissed, statutory right to counsel never arose, so defendant could not challenge summary dismissal on the basis that he did not receive a reasonable level of assistance from the privately retained attorney who prepared the petition). Because defendant had no right to a reasonable level of assistance from Dolak, Dolak's failure to fulfill the duties specified in Rule 651(c) is not grounds for reversal of the dismissal of defendant's postconviction petition.

¶ 10      For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 11      Affirmed.