# Illinois Official Reports

## Appellate Court

***People v. Yaworski*, 2014 IL App (2d) 130327**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN A. YAWORSKI, Defendant-Appellant. |
| | |
| District & No. | Second District<br>Docket No. 2-13-0327 |
| | |
| Filed | October 6, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant filed a *pro se* postconviction petition challenging the enhancement of his conviction for driving under the influence of alcohol to a Class 2 felony based on his prior convictions and the same public defender who represented defendant at trial was appointed for defendant in the postconviction proceedings, but the trial court dismissed the petition on the ground that defendant's allegations that the enhancement was based on several prior convictions listed in his presentence report that were actually attributable to other persons had been decided in his direct appeal and were barred by *res judicata*, the appellate court agreed with defendant's claim on his appeal from the dismissal of his petition that his postconviction counsel was ineffective and was acting under a conflict of; therefore, the dismissal was vacated and the cause was remanded for further proceedings with the appointment of counsel other than the public defender who represented defendant at his trial. |
| | |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 05-CF-661; the Hon. Robbin J. Stuckert, Judge, presiding. |
| | |
| Judgment | Vacated and remanded with directions. |

Counsel on
Appeal

Thomas A. Lilien and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Richard H. Schmack, State's Attorney, of Sycamore (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justice McLaren concurred in the judgment and opinion.
Justice Spence dissented, with opinion.

**OPINION**

¶ 1     Following a jury trial in the circuit court of De Kalb County, defendant, Glenn A. Yaworski, was found guilty of driving under the influence of alcohol (DUI) in violation of section 11-501(a)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(2) (West 2004)) and driving while his license was revoked (DWLR) (625 ILCS 5/6-303(a) (West 2004)). Defendant received a Class 2 felony sentence of 3½ years' imprisonment for DUI pursuant to section 11-501(c-1)(3) of the Code (625 ILCS 5/11-501(c-1)(3) (West 2004)). The trial court vacated the DWLR conviction. In an earlier appeal, we affirmed defendant's DUI conviction and his sentence for that offense. *People v. Yaworski*, 2011 IL App (2d) 090785 (*Yaworski I*). In addition, we reinstated defendant's DWLR conviction. Thereafter, on February 29, 2012, defendant, while on mandatory supervised release (MSR), filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)), challenging the enhancement of the offense of DUI to a Class 2 felony. The trial court appointed the office of the De Kalb County public defender to represent defendant in the postconviction proceedings. Assistant Public Defender Charles Criswell appeared on defendant's behalf. Criswell had represented defendant at trial. The State successfully moved to dismiss defendant's petition and this appeal followed. Defendant argues that, because the petition claimed that he had not received the effective assistance of counsel at trial, Criswell labored under a conflict of interest in the postconviction proceedings. We agree, and we therefore vacate and remand for further proceedings.

¶ 2     As pertinent here, section 11-501(c-1)(3) of the Code provides that a fourth or subsequent DUI is a nonprobationable Class 2 felony if the offense occurred while the offender's driving privileges were suspended or revoked for a violation of section 11-501(a) of the Code. After the jury returned its verdict at defendant's trial, the trial court ordered the preparation of a presentencing investigation report (PSI). The PSI showed that defendant had an extensive criminal history that included five prior DUI convictions. (A sixth prior DUI conviction had been reversed.) At his sentencing hearing, defendant claimed that the PSI was inaccurate and that it listed 24 offenses of which he had *not* been convicted, among them a 1989 DUI that occurred in Cook County. In *Yaworski I*, defendant argued that the trial court erred in relying

on the PSI to enhance his offense to a Class 2 felony. He noted that the PSI indicated that the 1989 Cook County DUI resulted in the revocation of his license in 2005. Similarly, the PSI listed a 1989 McHenry County DUI that resulted in the revocation of his license in 2005. Defendant argued that " '[t]he unlikelihood of DUI tickets languishing for 16 years before dispositions gives reason to doubt the accuracy of both listings specifically, and the rest of the listings in general.' " *Yaworski I*, 2011 IL App (2d) 090785, ¶ 4. We rejected the argument, observing that defendant's driving abstract (which was *prima facie* evidence of the facts set forth therein) indicated that defendant had five prior DUI convictions and that, even if the 1989 Cook and McHenry County offenses had not occurred, the DUI in the present case would still be defendant's fourth. *Id.* ¶¶ 6-7.

¶ 3 In his *pro se* postconviction petition, defendant alleged that "[s]ince the date of his release from the Department of Corrections, [defendant] has discovered documentation to establish his claim that several of what were listed in his presentence report as being prior convictions of his were in fact attributable to other individuals." Defendant added that "[t]his documentation establishes that the petitioner was denied his rights to due process of law *and effective assistance of trial counsel*." (Emphasis added.) Criswell did not amend the *pro se* petition, but he did submit to the court a "mug shot" of the arrestee in one of the cases listed in defendant's PSI. Criswell argued that the mug shot was a photograph of someone other than defendant. In its written order granting the State's motion to dismiss the petition, the trial court appeared to conclude that the issue raised in defendant's petition had been decided on direct appeal and was thus barred under the doctrine of *res judicata*. See, *e.g.*, *People v. Davis*, 2014 IL 115595, ¶ 13.

¶ 4 At issue in this appeal is whether it was error for defendant's trial attorney, Criswell, to represent defendant in postconviction proceedings initiated by a *pro se* petition asserting a claim of ineffective assistance of counsel at trial. Before considering that issue, we must first address the State's argument that this appeal is moot. "An appeal is considered moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). It is undisputed that defendant has now fully served his sentence. The State argues that "[t]he only ultimate relief possible here for defendant would be a reduction of his sentence, but having already served that sentence, no court could give defendant effectual relief." We disagree. Further postconviction proceedings could conceivably result in reduction of the degree of the offense, which stands now as a Class 2 felony. "Exceptions to the mootness doctrine apply where: (1) the case presents a question of public import that will likely recur and the answer to that question will provide guidance to public officers in the performance of their duties; (2) the case involves events of short duration that are capable of repetition yet evading review; and (3) collateral consequences of the order could return to plague the [defendant] in some future proceeding or could affect other aspects of the [defendant's] life." *In re Dawn H.*, 2012 IL App (2d) 111013, ¶ 13. The third exception applies here. The conviction of a Class 2 felony could "plague" defendant in some future proceeding. For example, it might make him eligible for an extended-term sentence if he is convicted of a criminal offense in the future. See 730 ILCS

5/5-5-3.2(b)(1) (West 2012). Accordingly, the appeal is properly before us, and we turn to the merits.[1]

¶ 5    Under the Act, a person imprisoned for a crime may mount a collateral attack on his conviction and sentence based on violations of his constitutional rights. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Proceedings under the Act are divided into three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition within 90 days after it is filed and docketed. 725 ILCS 5/122-2.1(a) (West 2012). If the petition is frivolous or patently without merit, it will be summarily dismissed. 725 ILCS 5/122-2.1(a)(2) (West 2012). If the petition is not dismissed at the first stage, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. *Gaultney*, 174 Ill. 2d at 418. A petition that is not dismissed at the first or second stage advances to the third stage, at which an evidentiary hearing is held. *Id.*

¶ 6    The right to counsel when a postconviction petition advances to the second stage (as defendant's petition did here) is statutory, not constitutional. *People v. Davis*, 382 Ill. App. 3d 701, 709 (2008). Under the Act, "defendants are entitled to a reasonable level of assistance, but are not assured of receiving the same level of assistance constitutionally guaranteed to criminal defendants at trial." *People v. Kegel*, 392 Ill. App. 3d 538, 541 (2009). "The Act impose[s] duties on postconviction counsel to ensure that a prisoner's complaints [are] adequately presented, and the statute envision[s] that the attorney appointed to represent an indigent person [will] ascertain the basis of his complaints, shape those complaints into appropriate legal form and present the [defendant's] constitutional contentions to the court." *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 18.

¶ 7    In *People v. Hardin*, 217 Ill. 2d 289 (2005), our supreme court developed a procedure for determining whether an attorney from the public defender's office may represent a defendant in proceedings on a postconviction petition alleging that another attorney from the same office failed to provide effective assistance at trial. In *Hardin*, our supreme court stated:

"The right to effective assistance of trial counsel comes from the sixth amendment and includes the correlative right to conflict-free representation. [Citations.] There is no corresponding constitutional right to effective assistance of postconviction counsel. [Citation.] The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act. [Citation.] We have labeled that level 'reasonable' assistance. [Citation.]

*However, when a defendant's appointed postconviction attorney is called upon to assert that the defendant's appointed trial attorney was ineffective, the distinction between constitutional and statutory rights makes no difference.* If postconviction counsel is appointed to mold the defendant's allegations into legally cognizable shapes [citation], that counsel must be as conflict-free as trial counsel. [Citation.] The right to reasonable assistance of postconviction counsel includes the correlative right to conflict-free representation. [Citation.]" (Emphasis added.) Id. at 299-300.

_____

[1]Further, as noted above, the parties agree that defendant was serving his term of MSR when he filed the postconviction petition, and, therefore, he has standing.

¶ 8        The *Hardin* court explained that, if a *potential* conflict of interest comes to the trial court's attention early in proceedings under the Act, the trial court has a duty to investigate. *Id.* at 302-03. The *Hardin* court elaborated as follows:

> "In the context of a potential conflict between two public defenders, the conflict issue will normally be raised by the defendant. *** The defendant must sketch, in limited detail, a picture of how the working relationship between the public defenders created an appearance of impropriety. [Citation.] Relevant factors include whether the two public defenders were trial partners in the defendant's case [citations]; whether they were in hierarchical positions where one supervised or was supervised by the other [citations]; or whether the size, structure, and organization of the office in which they worked affected the closeness of any supervision [citations]." *Id.* at 303.

¶ 9        *Hardin* entails a case-by-case inquiry when a different attorney from the public defender's office is appointed to advance a claim that trial counsel was ineffective. However, the factors identified in *Hardin* essentially bear on how closely postconviction counsel's interests are aligned with trial counsel's: the more closely aligned, the more likely that a potential conflict of interest will be found to exist. When trial counsel and postconviction counsel are one and the same, the interests are identical and the potential conflict of interest is inherent.

¶ 10       Therefore, in our view, it is improper to appoint an attorney as postconviction counsel to pursue a claim that his or her own performance as trial counsel was incompetent. We hasten to add that our holding is limited to cases where trial counsel's *competence* is at issue, as distinguished from cases where an ineffectiveness claim is based on external factors. See *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 17 ("Defendant alleged that his trial counsel was unable to provide effective assistance because the trial court and the prison failed to allow communication with counsel and to allow access to discovery materials.").

¶ 11       The State argues that it was not a *per se* conflict of interest for Criswell to represent defendant in postconviction proceedings in which the competence of Criswell's performance as trial counsel was at issue. According to the State, absent a *per se* conflict, *People v. Moore*, 207 Ill. 2d 68 (2003), provides that defendant's right to counsel other than Criswell depends on the merits of the underlying ineffective-assistance-of-counsel claim. The issue in *Moore* was whether trial counsel could continue to represent the defendant in proceedings on the defendant's *posttrial motion*. The defendant in *Moore* had moved, *pro se*, for appointment of new counsel. As described by the *Moore* court, the defendant's motion complained that " 'no line of meaningful communication was established' between defendant and trial counsel, whose 'entire attitude' showed that counsel was unconcerned with the defense of the case." *Id.* at 77. The *Moore* court held that "when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim." *Id.* at 77-78. The trial court should appoint new counsel "if the allegations show possible neglect of the case." *Id.* at 78. On the other hand, the trial court is not obligated to appoint new counsel if it finds that "the claim lacks merit or pertains only to matters of trial strategy." *Id.*

¶ 12       The *Moore* court described the procedure to be followed when the defendant files a *pro se posttrial motion* claiming ineffective assistance of counsel. Here, in contrast, defendant's claim of ineffective assistance of counsel appears in a *pro se* petition under the Act. Although the State argues that defendant here is "[e]ssentially *** no different from a defendant who makes a *pro se* posttrial allegation of ineffective assistance of counsel," the State cites no case,

nor are we aware of any, extending the procedure described in *Moore* to proceedings under the Act.

¶ 13    The State maintains that this case "is not a case where the allegations of ineffective assistance [of counsel] are impossible to determine without further investigation by independent counsel." The State's assertion flies in the face of the trial court's decision to appoint counsel; that decision signifies that the trial court found that the petition was not frivolous or patently without merit. What the State seeks by virtue of its argument is, for all practical purposes, to relitigate the first-stage decision *in defendant's favor*, so as to retroactively deprive him of his right to counsel under the Act. We are aware of no precedent that would permit us to do so. Moreover, if that approach were permissible in postconviction proceedings, the analysis in *Hardin* might often yield the incongruous result that the assistant public defender who represented the defendant at trial could serve as postconviction counsel under circumstances where a different public defender would be disqualified from doing so.

¶ 14    Once a *pro se* postconviction petition has cleared the first-stage hurdle, the Act affords the defendant the right to an attorney with undivided loyalty who, as noted, will "ascertain the basis of his complaints, shape those complaints into appropriate legal form and present the [defendant's] constitutional contentions to the court." *Schlosser*, 2012 IL App (1st) 092523, ¶ 18. Precisely what shape defendant's petition might have taken if an attorney other than Criswell had represented defendant in the postconviction proceedings is a matter of conjecture. We decline to speculate whether Criswell failed to amend the petition because there was no good-faith basis for arguing his own incompetence or, conversely, because there *was* a good-faith basis for doing so but Criswell was inhibited by self-interest.

¶ 15    For the foregoing reasons, we vacate the dismissal of defendant's petition and remand for further proceedings. On remand, the court shall appoint an attorney other than Criswell to represent defendant.

¶ 16    Vacated and remanded with directions.

¶ 17    JUSTICE SPENCE, dissenting.

¶ 18    I respectfully dissent. As the majority states, the issue on appeal is whether it was error for defendant's trial attorney, Criswell, to represent defendant in postconviction proceedings after defendant filed a *pro se* petition alleging ineffective assistance of counsel. *Supra* ¶ 4. The majority concludes that it is improper to appoint an attorney as postconviction counsel to pursue a claim that his or her own performance as trial counsel was incompetent, because the potential conflict of interest is "inherent." *Supra* ¶ 9. While I agree with the majority that the better practice is to have an attorney other than the trial attorney represent the defendant in postconviction proceedings when the defendant raises a claim of ineffective assistance of counsel, I see no reason for the blanket rule established by the majority, especially where the defendant has not suggested a potential conflict of interest to the trial court.

¶ 19    Defendants are guaranteed "reasonable" assistance in postconviction proceedings (*People v. Hardin*, 217 Ill. 2d 289, 299 (2005)) and not the same level of assistance constitutionally guaranteed to criminal defendants at trial (*People v. Kegel*, 392 Ill. App. 3d 538, 541 (2009)). For this reason, I am persuaded by the State's reliance on *People v. Moore*, 207 Ill. 2d 68, 75 (2003), where the issue was whether trial counsel could continue to represent

the defendant on his posttrial motion after he filed a *pro se* posttrial claim of ineffective assistance of counsel. In *Moore*, the supreme court held that in such a situation new counsel is not automatically required; rather, the trial court should first examine whether the defendant's claim lacks merit. *Id*. at 77-78. If the claim lacks merit, then the court need not appoint new counsel and may deny the *pro se* motion. *Id*. at 78. If this is the approach in criminal trial proceedings, where defendants are guaranteed constitutionally effective assistance as opposed to reasonable assistance, I see no reason why it should not be the approach here.

¶ 20 In this case, the trial court properly determined that defendant's claim lacked merit. A claim of ineffective assistance of counsel is assessed under the standards articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Brown*, 236 Ill. 2d 175, 185 (2010). The failure to establish either prong of *Strickland* is fatal to the claim. *People v. Clendenin*, 238 Ill. 2d 302, 317-18 (2010). If it is easier to dispose of such a claim on the basis that it lacks sufficient prejudice, then the court may proceed directly to the second prong and need not address whether counsel's performance was deficient. *People v. Givens*, 237 Ill. 2d 311, 331 (2010).

¶ 21 In defendant's *pro se* petition for postconviction relief, defendant provided some evidence that someone other than himself used his identity for two traffic cases, and he submitted copies of booking photos for those two offenses. Both of the offenses were traffic offenses other than DUI. Defendant has raised questions about two of the five prior DUI convictions set forth in the PSI, but has never contested the other three DUI convictions. Even assuming, for the sake of argument, that we disregard the two DUI convictions defendant has contested, defendant still has *three* prior DUI convictions that he has never contested and does not now contest. I would take defendant at his word that he has the three prior DUI convictions, because he knows his history better than anyone. For purposes of the sentence in this case, defendant remains with at least three unchallenged prior DUI convictions, which, as pointed out by the majority, result in this conviction being defendant's fourth conviction and therefore still a nonprobationable Class 2 felony. Defendant received a Class 2 felony sentence. Accordingly, he has failed to establish the prejudice prong of *Strickland*, and thus his ineffective-assistance-of-counsel claim fails.

¶ 22 As a final matter, I do not believe that *Hardin*, the case relied upon by the majority, dictates a different outcome. In *Hardin*, the issue was whether the trial court should have conducted an inquiry to ensure that there was no conflict of interest between the defendant's postconviction public defender and a different trial public defender. *Hardin*, 217 Ill. 2d at 299. While I agree with the majority that *Hardin* entails a case-by-case inquiry as to how closely postconviction counsel's interests are aligned with trial counsel's, *Hardin* still requires a defendant to present facts suggesting a conflict of interest to the trial court. *Id*. at 302-03. Admittedly, the pleading threshold is low (*id*. at 303), but at no time in the proceedings below did defendant in this case suggest a conflict of interest based on having trial counsel serve as postconviction counsel. Absent defendant's suggestion of a conflict of interest to the trial court, I believe that it is a stretch for the majority to presume one. In my opinion, *Hardin* is distinguishable and does not lead to the conclusion that the potential conflict of interest in this case is inherent.

¶ 23 As stated above, I believe that our supreme court's decision in *Moore*, rather than *Hardin*, provides the sounder approach in this case. Because the trial court correctly determined that defendant's claim lacked merit, I would affirm the dismissal of defendant's postconviction petition.