FILED
March 31, 2017
Carla Bender
4th District Appellate
Court, IL

2017 IL App (4th) 160449

NO. 4-16-0449

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| GRANVILLE S. JOHNSON, | ) | No. 08CF1424 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1        In April 2014, defendant, Granville S. Johnson, filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2014)) with the assistance of private counsel. In June 2014, the trial court dismissed defendant's petition at the first stage of postconviction proceedings.

¶ 2        In July 2014, defendant's counsel withdrew his representation, and defendant filed a timely *pro se* motion to reconsider, which he later supplemented. Defendant's motion to reconsider and its supplement alleged postconviction counsel provided "ineffective" assistance by failing to raise certain previously requested claims in his postconviction petition.

¶ 3        In May 2016, the trial court denied defendant's motion to reconsider and found

any new claims raised in his motion to reconsider and its supplement were forfeited as they were not raised in the original petition. Defendant appeals, arguing the trial court erred by (1) not considering whether postconviction counsel's representation was "unreasonable" for failing to include the additional claims in his postconviction petition and (2) summarily dismissing his petition because at least one of the claims he would have raised states the gist of a meritorious claim. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            In August 2009, a jury found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) and attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2008)), and, in November 2009, the trial court sentenced him to consecutive terms of 53 years' and 32 years' imprisonment. Defendant's convictions and sentence were later affirmed on appeal, and both his petition for leave to appeal to the Illinois Supreme Court and his writ of *certiorari* with the United States Supreme Court were denied. *People v. Johnson*, 2012 IL App (4th) 090893-U (affirming on direct review), *appeal denied*, No. 115225 (Ill. Jan. 30, 2013); *Johnson v. Illinois*, 134 S. Ct. 358 (2013) (denying petition for a writ of *certiorari*).

¶ 6                                    A. Direct Review

¶ 7            On appeal from his convictions and sentence, defendant argued, in relevant part, the trial court erroneously concluded the State exercised due diligence in obtaining deoxyribonucleic acid (DNA) test results and thus was entitled to an extension of the speedy-trial deadline under section 103-5(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(c) (West 2008)). *Johnson*, 2012 IL App (4th) 090893-U, ¶¶ 2, 18. In support of his argument, defendant highlighted three examples of a lack of due diligence: (1) the State, despite sending

- 2 -

other evidence for testing on August 13, 2008, failed to request a DNA standard for comparison until October 15, 2008; (2) despite obtaining defendant's sample, the State did not send the sample to the crime lab until early January 2009; and (3) the State could have avoided any delay had it checked the Illinois State Police DNA database, which had contained defendant's DNA since at least 2005. *Id.* ¶ 18. After reviewing the record "as it existed at the time of the [October 20, 2008,] hearing" on the State's motion for a continuance, we concluded the trial court's decision to grant the State a continuance was not an abuse of its discretion. *Id.* ¶¶ 22-28.

¶ 8                                      B. Postconviction Petition

¶ 9        In April 2014, defendant, through private counsel, filed a postconviction petition, alleging ineffective assistance of trial counsel for counsel's failure to file a motion to reconsider the trial court's October 20, 2008, order based on newly tendered evidence. Specifically, defendant alleged, on October 21, 2008, the State tendered supplemental discovery to trial counsel, which included a September 11, 2008, Illinois State Police lab report. According to the petition, the lab report stated the lab "was ready to proceed with DNA testing as soon as it received (1) permission to consume some of the samples in the testing process[,] and (2) a sample of [defendant's] DNA." The State did not file its motion to permit destruction of evidence necessary to complete forensic testing and motion for an order requiring the submission of defendant's biological and hair samples until October 15, 2008. Defendant asserted the State's failure to take the steps necessary to complete testing for approximately one month demonstrated, contrary to the court's previous decision, it did not act diligently in obtaining the DNA test results. Defendant argued, had (1) trial counsel filed a motion for the court to reconsider its prior ruling based on the newly tendered evidence, the trial court may have

- 3 -

reversed its decision to grant the State a continuance; and (2) the court reversed its prior decision, the State would have been required to try defendant by November 2008, which might well have led to the dismissal of the charges for a violation of the speedy-trial statute.

¶ 10                               C. First-Stage Dismissal

¶ 11            On June 11, 2014, the trial court summarily dismissed defendant's postconviction petition. The court characterized defendant's petition as raising a claim his trial counsel was ineffective for failing to file a motion to reconsider the trial court's ruling granting the State a continuance to obtain DNA evidence, which, in turn, resulted in a violation of his right to a speedy trial. The court found defendant was "procedurally barred from asserting [his claim] under the doctrine of *res judicata*" as it was an issue "that [was] or could have been raised on direct appeal" and defendant "allege[d] no new evidence or information that was not or could not have been a subject of [his] direct appeal." In addition, the court found defendant's claim did not meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). On June 23, 2014, defendant, through counsel, filed a notice of appeal.

¶ 12            D. Retained Counsel's Motion to Withdraw Representation

¶ 13            On July 7, 2014, defendant's counsel filed with this court a motion to withdraw as counsel and appoint the office of the State Appellate Defender (OSAD) to represent defendant.

¶ 14                             E. *Pro Se* Motion to Reconsider

¶ 15            On July 8, 2014, defendant directed a copy of a *pro se* motion to reconsider the dismissal of his postconviction petition be sent to the trial court and the State. Defendant's motion was file stamped by the circuit clerk on July 11, 2014.

¶ 16            In his motion to reconsider, defendant alleged, after receiving a copy of his

- 4 -

postconviction petition, he wrote postconviction counsel to address counsel's decision to not raise a claim of ineffective assistance of appellate counsel. Postconviction counsel allegedly wrote defendant and explained he did not need to do so because counsel on direct appeal argued about the lab report. Defendant, unsatisfied with postconviction counsel's response, requested counsel to supplement the petition with an ineffective assistance of appellate counsel claim. Defendant did not hear back from counsel until his petition was denied. Defendant asserted postconviction counsel was "ineffective" for failing to raise an ineffective assistance of appellate counsel claim.

¶ 17          In addition to the failure to raise an ineffective assistance of appellate counsel claim relating to the September 11, 2008, lab report, defendant alleged postconviction counsel was "ineffective" for failing to add other meritorious claims to his petition that he and counsel agreed would be added. Specifically, defendant wanted counsel to add claims of ineffective assistance of appellate and trial counsel for failing to address (1) the use of a recorded statement by Anthony Jamerson as substantive evidence at his trial and (2) double jeopardy. Defendant alleged, after he requested the additional claims be added to his petition,

> "[c]ounsel respond[ed] in [a] way that confused [him] and then beg[a]n questioning [him] about payment. [Defendant] mailed counsel['s] letter to family, to show family [that] counsel was complaining about money and that they needed to make payments. This is the reason said letter is not attach[ed] to this motion. [Defendant] do[es] believe that he can attach said letter in [the] future. After receiving [the] last letter from counsel about money

and why he didn't raise ineffective [assistance] of direct appeal counsel[,] [defendant] never heard [f]rom counsel again, until [the] court dismiss[ed] [his] petition. [Defendant] wanted and had every intention of adding other meritorious issues to his [p]etition[,] including but not limited to the ones discussed in this motion."

¶ 18                    F. Withdrawal of Representation by Retained Counsel

¶ 19          On July 11, 2014, this court granted private counsel's motion to withdraw as counsel and appointed OSAD to represent defendant on appeal.

¶ 20                    G. Trial Court's Order Declining to Address
                       Defendant's *Pro Se* Motion to Reconsider

¶ 21          On July 16, 2014, the trial court entered an order indicating it would not consider defendant's *pro se* motion to reconsider because defendant's counsel had previously filed a notice of appeal.

¶ 22                    H. Agreed Motion for Summary Remand

¶ 23          In February 2016, defendant filed an agreed motion for summary remand for compliance with Illinois Supreme Court Rule 606(b) (eff. Dec. 11, 2014) to allow the trial court to consider his timely *pro se* motion to reconsider, which this court granted.

¶ 24                    I. *Pro Se* Supplemental Motion to Reconsider

¶ 25          In March 2016, defendant filed a *pro se* supplemental motion to reconsider. Defendant alleged, in addition to the claims raised in his prior *pro se* motion to reconsider, his postconviction counsel provided "ineffective" assistance by failing to allege claims of ineffective assistance of appellate and trial counsel for failing to address (1) various evidentiary faults with

- 6 -

the trial testimony from a police officer, and (2) the failure to subpoena a key defense witness, Amandrea McGill, or ask for a continuance.

¶ 26                              J. Denial of Motion to Reconsider

¶ 27          In May 2016, the trial court entered an order denying defendant's motion to reconsider and its supplement. The trial court maintained the claim raised in defendant's postconviction petition was both (1) "procedurally barred as [it related to] matters of record that could have been raised on direct appeal" and (2) meritless, as there was not a reasonable probability of a different outcome had trial counsel filed a motion to reconsider after being tendered the September 11, 2008, lab report. As to the additional claims raised in defendant's *pro se* motion to reconsider and its supplement, the court found the claims were forfeited as they were not raised in the original petition, and defendant had not requested leave to file a successive postconviction petition.

¶ 28          This appeal followed.

¶ 29                                    II. ANALYSIS

¶ 30          On appeal, defendant argues the trial court erred in not considering the additional claims contained in his *pro se* motion to reconsider and its supplement where the omission of those claims from his original petition was the fault of postconviction counsel, he exercised due diligence in bringing the new claims to the court's attention, at least one of his claims raised in his motion to reconsider states the gist of a meritorious claim, and he will be deprived of the opportunity to raise those claims in a future proceeding. Defendant requests we remand the matter and advance his petition to the second stage of postconviction proceedings.

¶ 31          From the outset, defendant acknowledges the trial court correctly noted it is

generally improper for a prisoner to raise new postconviction issues in a motion to reconsider. See 725 ILCS 5/122-3 (West 2014) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited]."); *People v. Vilces*, 321 Ill. App. 3d 937, 939-40, 748 N.E.2d 1219, 1221-22 (2001) (finding the defendant forfeited an issue raised for the first time in a motion to reconsider). However, defendant distinguishes the present matter and suggests the trial court should have relaxed the forfeiture rule because (1) retained counsel filed his initial postconviction petition, and (2) his motion to reconsider and its supplement alleged he received "ineffective" assistance of postconviction counsel. Defendant maintains this court should address his claim of "ineffective" assistance, which he now characterizes as "unreasonable" assistance, based on counsel's (1) failure to amend his petition with the claims he requested and (2) presentation of a claim the trial court found to be barred by *res judicata* and speculative. Defendant asserts, because at least one of his claims raised in his motion to reconsider states the gist of a meritorious claim, summary dismissal was in error and this court should remand for stage-two proceedings. Defendant specifically presents argument on appeal as to why the additional claim relating to the officer's testimony at trial—a claim first raised in the motion to reconsider—states the gist of a meritorious claim. In summary, defendant proposes the following rule:

> "[W]here private counsel files an initial petition that is deemed frivolous and patently without merit, and the petitioner files a timely motion to reconsider claiming that counsel failed to include numerous issues in the petition, the [forfeiture] rule should be relaxed because it is incumbent for the trial court to determine if

counsel's representation was reasonable by reviewing the additional claims. If one of the additional claims has merit, the trial court necessarily abuses its discretion by not allowing the petition to proceed to stage two because counsel's failure to include that issue is unreasonable."

¶ 32        In response, the State maintains the trial court properly concluded, following section 122-3 of the Act (725 ILCS 5/122-3 (West 2014)) and the general rule highlighted in *Vilces*, any claim not raised in defendant's original postconviction petition is forfeited. The State contends to allow defendant to distance himself from the general rule because his petition was filed with the assistance of counsel would improperly grant more leverage to those prisoners who have the ability to retain counsel, contradict the plain language of section 122-3, and usurp the Act's contemplation of only one postconviction petition unless leave to file a successive petition is granted. The State maintains, if defendant wants to raise additional claims, he must do so in a successive postconviction petition. The State further asserts, even if this court (1) elects to address defendant's claim of unreasonable assistance on appeal, it would be improper to analyze a claim of unreasonable assistance based on new claims unrelated to the initial petition; and (2) addresses defendant's claim of unreasonable assistance based on the failure to raise a claim relating to the officer's testimony, it would fail as the underlying claim is meritless.

¶ 33        Defendant's entire argument is premised on the presumption prisoners are entitled to reasonable assistance at the first stage of postconviction proceedings. In his initial brief, defendant asserted, citing *People v. Cotto*, 2016 IL 119006, ¶ 32, 51 N.E.3d 802, the supreme court "recently reiterated that private counsel must render reasonable assistance at the first stage

of post[ ]conviction proceedings." The State's brief did address defendant's position and, in fact, presents argument under the presumption a prisoner is entitled to reasonable assistance at the first stage of postconviction proceedings.

¶ 34    Following the briefing in this case but before oral arguments, defendant's counsel, much to his credit, brought recent adverse authority, *People v. Garcia-Rocha*, 2017 IL App (3d) 140754, to the attention of the State and this court on the issue of whether prisoners are entitled to reasonable assistance at the first stage of postconviction proceedings. Both parties have now had the opportunity to thoroughly address this issue during oral arguments. The State now contends a prisoner is not entitled to reasonable assistance at the first stage of postconviction proceedings. As the issue presents a question of law, our review is *de novo*. *Cotto*, 2016 IL 119006, ¶ 24, 51 N.E.3d 802.

¶ 35    We begin with the statutory language. Section 122-4 of the Act (725 ILCS 5/122-4 (West 2014)) provides, where a postconviction petition is advanced to the second stage, a prisoner is without means to procure counsel, and the prisoner requests counsel be appointed, the trial court shall appoint counsel. This right of counsel arises only if the petition survives the first stage of postconviction proceedings. The Act does not otherwise grant prisoners the right to counsel at first-stage proceedings. See *People v. Ligon*, 239 Ill. 2d 94, 118, 940 N.E.2d 1067, 1081 (2010) (finding a defendant has no right to the appointment of counsel at the summary dismissal stage of his postconviction proceeding).

¶ 36    Our supreme court has noted the right to counsel in postconviction proceedings is "wholly statutory" (*People v. Lander*, 215 Ill. 2d 577, 583, 831 N.E.2d 596, 600 (2005)) and "a matter of legislative grace and favor which may be altered by the legislature at will" (internal

quotation marks omitted) (*People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184, 1189 (1990)). "Because the right to counsel in post-conviction proceedings is derived from a statute rather than the Constitution, post-conviction petitioners are guaranteed only the level of assistance which that statute provides." *Id*. In placing its gloss over the statutory language, our supreme court has found, once a petition advances to second-stage proceedings, prisoners are entitled to a reasonable level of assistance, regardless of whether counsel is retained or appointed. *Cotto*, 2016 IL 119006, ¶ 42, 51 N.E.3d 802; 725 ILCS 5/122-4 (West 2014). Because the Act does not provide prisoners the right to counsel at the first stage of postconviction proceedings, we find no statutory basis to grant prisoners who have the ability to retain counsel the right to reasonable assistance at first-stage proceedings.

¶ 37       In 2009, the Second District was presented with the same issue. In *People v. Kegel*, 392 Ill. App. 3d 538, 539, 913 N.E.2d 30, 31 (2009), the defendant appealed from the summary dismissal of his postconviction petition, arguing he did not receive reasonable assistance from the attorney he hired to prepare his petition. While the right to counsel, and thus the right to reasonable assistance, never arose because his petition was summarily dismissed, the defendant argued an attorney retained to prepare a postconviction petition should be held to the same standard as an attorney appointed to assist a defendant whose *pro se* petition has passed muster under section 122-2.1. *Id.* at 541, 913 N.E.2d at 32. The court rejected defendant's argument, finding it to be an attempt "to disengage the guarantee of reasonable assistance from the underlying right to counsel such that the former can exist independently of the latter." *Id.* It found:

"[T]he rule that defendant champions would lead to disparate

treatment among prisoners who are similarly situated except with regard to the means to obtain counsel. A prisoner whose retained attorney filed a fatally defective petition would be entitled to reversal of the summary dismissal of the petition if the attorney did not provide 'reasonable assistance.' In contrast, an indigent defendant with no assistance of counsel who filed a petition suffering the same defect would have no basis for reversal. The General Assembly could not have intended such a result." (Emphasis omitted.) *Id.*

The court further rejected defendant's suggestion counsel was obligated to provide reasonable assistance as a matter of professional ethics, finding any private ethical obligation did not expand the scope of the government's obligation under section 122-4 to guarantee a defendant is properly assisted by counsel in postconviction proceedings. *Id.* at 541, 913 N.E.2d 32-33. In closing, the court noted its holding did not foreclose the defendant from raising his underlying claim in a successive petition and declined to express any view on whether the quality of postconviction counsel's performance could establish cause or whether it resulted in any prejudice. *Id.* at 542, 913 N.E.2d at 33. See also *People v. Shipp*, 2015 IL App (2d) 131309, ¶ 24, 53 N.E.3d 23 (finding "[n]either statute nor case law provide for a freestanding right to reasonable assistance of counsel at first-stage postconviction proceedings").

¶ 38        More recently, the Third District has followed suit in concluding a prisoner is not entitled to reasonable assistance at the first stage of postconviction proceedings. In *Garcia-Rocha*, 2017 IL App (3d) 140754, ¶ 1, the defendant appealed from the second-stage dismissal of

his postconviction petition, arguing he received unreasonable assistance by his privately retained postconviction counsel. The court initially noted it was unclear whether the defendant was arguing counsel was unreasonable for failing to raise an issue in his initial petition, failing to amend the petition at the second stage of proceedings, or both. *Id.* ¶ 26. To the extent the defendant was raising a claim of unreasonable assistance based on counsel's failure to include an issue in his initial petition, the court rejected such an argument. *Id.* ¶¶ 27-34. The court found "neither the legislature nor Illinois courts [have] recognized any right to counsel at the first stage of postconviction proceedings," and, citing *Kegel*, it echoed concerns that accepting the defendant's argument would lead to disparate treatment among prisoners similarly situated except with regard to the means to obtain counsel. *Id.* ¶¶ 27-28. Justice McDade, in her partial concurrence/dissent, disagreed with the majority finding. *Id.* ¶¶ 52-61 (McDade, J., concurring in part and dissenting in part). She suggested a prisoner is entitled to reasonable assistance because, "in essence, when [the] prisoner retains counsel to prepare the initial postconviction petition, the first and second stages effectively merge and it is the job of retained counsel to both identify and raise those issues that could rise to the level of constitutional claims *and* to put them in proper form for the court's consideration." (Emphasis in original.) *Id.* ¶ 57.

¶ 39        Defendant asserts we should decline to follow our sister districts' decisions in *Kegel* and *Garcia-Rocha* as the supreme court in *Cotto* has provided express, binding authority for the proposition a prisoner is entitled to reasonable assistance at the first stage of postconviction proceedings. In *Cotto*, 2016 IL 119006, ¶ 22, 51 N.E.3d 802, the defendant appealed from the second-stage dismissal of his postconviction petition, arguing his privately retained postconviction counsel failed to provide him with a reasonable level of assistance. The

supreme court was tasked with deciding "if every postconviction petitioner represented by counsel is entitled to a reasonable level of assistance from counsel *after first-stage proceedings*, regardless of whether counsel was appointed or privately retained." (Emphasis added.) *Id.* ¶ 1. The court ultimately found:

> "[T]he appellate court in this case erred when it concluded that defendant was not entitled to reasonable assistance from his retained counsel *at second-stage proceedings*. *** We hold that there is no difference between appointed and privately retained counsel in applying the reasonable level of assistance standard to postconviction proceedings. Both retained and appointed counsel must provide reasonable assistance to their clients *after a petition is advanced from first-stage proceedings*." (Emphases added.)
>
> *Id.* ¶ 42.

Based on its characterization of the issue presented and ultimate holding, the supreme court was not tasked with determining whether a prisoner is entitled to reasonable assistance at the first stage of postconviction proceedings. However, in reaching its holding the court did make the following comment: "This court has also required reasonable assistance from privately retained postconviction counsel at the first and second stage of postconviction proceedings." *Id.* ¶ 32. In support of this comment, the court cited its prior decision in *People v. Mitchell*, 189 Ill. 2d 312, 358, 727 N.E.2d 254, 280 (2000), with a parenthetical indicating the court in that case reviewed "retained counsel's performance under the reasonable assistance standard." *Cotto*, 2016 IL 119006, ¶ 32, 51 N.E.3d 802.

- 14 -

¶ 40    Defendant maintains the supreme court's comment in *Cotto* demonstrates he is entitled to reasonable assistance at the first stage of postconviction proceedings. The Third District addressed the supreme court's comment in *Garcia-Rocha*. The *Garcia-Rocha* majority distinguished *Mitchell*—the authority the supreme court relied upon in making such a comment—as in that case the defendant was sentenced to death (*Mitchell*, 189 Ill. 2d at 320, 727 N.E.2d at 261), and prisoners sentenced to death had a statutory right to the assistance of appointed counsel at the first stage of postconviction proceedings (725 ILCS 5/122-2.1(a)(1) (West 1992); *People v. Brisbon*, 164 Ill. 2d 236, 243, 647 N.E.2d 935, 938 (1995)). *Garcia-Rocha*, 2017 IL App (3d) 140754, ¶ 29. The majority found any right to reasonable assistance the prisoner in *Mitchell* may have had at the first stage of proceedings did not apply to the defendant, who was sentenced to a term of imprisonment and had no statutory right to counsel at the first stage of proceedings. *Id.* The *Garcia-Rocha* dissent disagreed, finding the majority improperly narrowed the supreme court's comment where the supreme court itself did not make such a distinction in its opinion. *Id.* ¶¶ 54-56 (McDade, J., concurring in part and dissenting in part).

¶ 41    We find the decisions of our sister districts to be well-reasoned: (1) neither the Act nor case law indicates a prisoner sentenced to a term of imprisonment is entitled to reasonable assistance at the first stage of postconviction proceedings, (2) to find such an entitlement would require us to judicially disengage the guarantee of reasonable assistance from the underlying right to counsel at second-stage proceedings so that the former can exist independently of the latter, and (3) awarding such an entitlement would lead to disparate treatment among prisoners similarly situated except with regard to the means to obtain counsel. See *Kegel*, 392 Ill. App. 3d at 539-41, 913 N.E.2d at 31-32; *Garcia-Rocha*, 2017 IL App (3d)

140754, ¶¶ 27-34. We further decline to find such an entitlement based on an unclear comment by the supreme court in a case where (1) the court was not tasked with considering the issue; (2) the comment relied on distinguishable precedent; and (3) the court cited, but did not reject, the Second District's holding in *Kegel*.

¶ 42 Defendant asserts requiring him to seek relief through a successive postconviction petition, as the trial court suggested, is a severe penalty for counsel's inadequate representation. Defendant maintains the penalty is severe because he would be unable to satisfy the cause-and-prejudice test. See generally *People v. Smith*, 2014 IL 115946, 21 N.E.3d 1172; 725 ILCS 5/122-1(f) (West 2014). Given the posture of this case, we decline to express any view on whether defendant, who purportedly has letters between himself and counsel wherein he requests counsel to raise certain meritorious claims in his postconviction petition prior to the trial court's ruling on the petition, may satisfy the cause-and-prejudice test if those letters and any supporting documentation are filed as part of his motion for leave to file a successive postconviction petition. See *Kegel*, 392 Ill. App. 3d at 542, 913 N.E.2d at 34 (declining to express any view on whether the quality of postconviction counsel's performance could establish cause or whether it resulted in any prejudice).

¶ 43 Based on the statutory language, the persuasive authority from our sister districts, and the absence of a clear ruling on this issue by the supreme court, we hold a prisoner is not entitled to reasonable assistance at the first stage of postconviction proceedings. Defendant was not entitled to reasonable assistance, and we reject defendant's arguments grounded in such an entitlement.

¶ 44                                    III. CONCLUSION

- 16 -

¶ 45      We affirm the trial court's judgment. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2014).

¶ 46      Affirmed.