2016 IL App (3d) 140455

Opinion filed June 7, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0455 Circuit No. 11-CF-906 |
| | ) | |
| JOSEPH W. GROSZEK, | ) ) | Honorable Edward A. Burmila, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Joseph W. Groszek, appeals from the second-stage dismissal of his postconviction petition. On appeal, the defendant argues that reversal is warranted because postconviction counsel provided unreasonable assistance.

¶ 2                                    FACTS

¶ 3    The defendant was charged by indictment with three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)); two counts of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2010)); and six counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2010)).

¶ 4 On December 30, 2011, the defendant appeared for a plea hearing. At the time, the defendant was represented by private counsel. During the hearing, the defendant agreed to plead guilty to three counts of predatory criminal sexual assault of a child in exchange for the State's agreement to *nolle prosequi* the remaining counts. During the State's presentation of the agreement, the court advised the State that, in an exercise of its statutory discretion, it would impose a five-year term of mandatory supervised release. The State recommended that the defendant be sentenced to 10 years' imprisonment on count I and 6 years' imprisonment on counts II and III. The terms were to run consecutively. The court accepted the defendant's plea and entered the recommended sentences.

¶ 5 On August 21, 2012, the defendant filed a *pro se* postconviction petition. In the petition, the defendant argued that he received ineffective assistance of counsel and his plea was not knowing and voluntary. The court advanced the petition to the second stage of proceedings and appointed the public defender. The public defender filed a motion to withdraw as postconviction counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The court denied the public defender's *Finley* motion, but then allowed counsel to withdraw as the defendant had hired private counsel.

¶ 6 Private counsel filed an amended postconviction petition, which argued, in relevant part, that the defendant received ineffective assistance of counsel when plea counsel: (1) pressured the defendant to withdraw his motion to suppress; (2) pressured the defendant to plead guilty to the three most serious offenses because the State would "badger" his elderly father at trial and counsel was unwilling to try the case; and (3) failed to file a motion to quash the defendant's warrantless arrest. The amended petition was accompanied by an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate and the defendant's affidavit.

¶ 7    In his affidavit, the defendant averred that: (1) plea counsel told him that the State would withdraw its plea offer if the defendant did not withdraw his motion to suppress and the State would badger the defendant's father at trial; (2) plea counsel pressured the defendant to take the plea deal because counsel said that "going to trial would be worse"; (3) the defendant did not understand what he was agreeing to during the plea colloquy; and (4) the defendant believed that plea counsel did not want to try the case.

¶ 8    The State filed a motion to dismiss the defendant's amended postconviction petition, and the court set the matter for a hearing. At the hearing, the State argued that the defendant did not allege prejudice with regard to his ineffective assistance of counsel claims. Private counsel argued that "the standard in a plea deal for what constitutes prejudice is not that the trial would have been in his favor but that the outcome would be different." At the conclusion of the arguments on the petition, the court granted the State's motion to dismiss. The defendant appeals.

¶ 9                                      ANALYSIS

¶ 10    The defendant argues that private postconviction counsel provided unreasonable assistance because counsel failed to properly allege and support the claim that plea counsel provided ineffective assistance.

¶ 11    The right to counsel during postconviction proceedings is wholly statutory. *People v. Lander*, 215 Ill. 2d 577, 583 (2005). The Post-Conviction Hearing Act (Act) provides for the appointment of counsel for an indigent defendant at the second stage of proceedings. 725 ILCS 5/122-4 (West 2014). Alternatively, a defendant may privately retain counsel at the first or later stages of proceedings. See *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 16.

3

¶ 12    Generally, a defendant is entitled to a "reasonable" level of assistance during postconviction proceedings. *People v. Munson*, 206 Ill. 2d 104, 137 (2002). However, the application of this standard to privately retained counsel is the subject of a split of authority. See *People v. Cotto*, 2015 IL App (1st) 123489, ¶ 10; *Anguiano*, 2013 IL App (1st) 113458, ¶ 30; *People v. Csaszar*, 2013 IL App (1st) 100467, ¶¶ 18, 25. We note that all three of these cases were decided by the First District, and this district has yet to rule on this issue.

¶ 13    The *Csaszar* decision is the first Illinois case to limit the right to the reasonable assistance of counsel to formerly *pro se* postconviction petitioners. *Csaszar*, 2013 IL App (1st) 100467. In *Csaszar*, the defendant hired private counsel to prepare his postconviction petition. The defendant sent private counsel a draft of a petition that he had prepared *pro se* but did not file. *Id*. ¶¶ 11-12. Private counsel then filed a postconviction petition that argued that the defendant: (1) was unable to understand his actions at the time of the offense because of his medications and depression; (2) was not fit to stand trial; and (3) received ineffective assistance of trial counsel. *Id*. ¶ 12. The trial court granted the State's motion to dismiss the petition. *Id*. ¶ 13.

¶ 14    On appeal, the defendant argued that private counsel did not provide the reasonable level of assistance required for postconviction proceedings. *Id*. ¶ 15. The court noted that the Act establishes the State's duty to provide counsel only " '[i]f the petition is without counsel and alleges that he is without means to procure counsel,' " and it does not mention the duties of privately retained counsel. *Id*. ¶ 17 (quoting 725 ILCS 5/122-4 (West 2006)). The court held "the State has no duty to provide counsel, and no duty to provide reasonable assistance of counsel, for any petitioner able to hire his own counsel." *Id*. ¶ 18. Rather, private counsel "has a duty to provide the petitioner with a reasonable level of assistance with postconviction proceedings." *Id*. ¶ 22 (citing *People v. Kegel*, 392 Ill. App. 3d 538, 541 (2009) ("An attorney

4

who fails to provide competent representation is potentially subject to disciplinary action as well as to liability for professional malpractice.")).  As a result, the *Csaszar* court suggested that the defendant's recourse was to bring an action against postconviction counsel in the form of a successive postconviction petition, "in which [the defendant] argues that his retained counsel's failings show cause for his failure to raise meritorious issues in his initial postconviction petition."  *Id*. ¶ 23.

¶ 15        In *Cotto*, 2015 IL App (1st) 123489, ¶ 11,[1] the court stated that it continued to find the reasoning in *Csaszar* persuasive and applied it to the defendant's reasonable assistance of private postconviction counsel claim.  Private counsel filed a postconviction petition, on behalf of the defendant, that raised several claims of ineffective assistance of trial and appellate counsel.  *Id*. ¶ 3.  The trial court docketed the petition for second-stage proceedings, and the State moved to dismiss the petition arguing that it was untimely, its allegations were barred by *res judicata* and waiver, and the claims were meritless.  *Id*. ¶ 5.  At the hearing on the petition, private counsel did not address the untimeliness argument and, instead, focused his argument on the merits of the petition.  *Id*. ¶ 8.  The court granted the State's motion to dismiss the petition.  *Id*.  On appeal, the defendant solely argued that private postconviction counsel failed to provide reasonable

---

[1]We note that our supreme court allowed the petition for leave to appeal in *People v. Cotto*, No. 119006 (Ill. May 27, 2015); however, neither of the parties ask us to stay our decision pending the outcome of *Cotto*.  The defendant specifically argues that the instant case is factually distinct from *Cotto* because private counsel only filed the amended petition and did not participate in the first-stage proceedings.  We agree with the defendant's position and find no reason to stay our decision.

assistance. *Id.* ¶ 9. The court found "no appreciable difference in the case at bar, where, as in *Csaszar*, defendant retained private counsel to prepare and file his petition for him." *Id.* ¶ 10.

¶ 16 In *Anguiano*, 2013 IL App (1st) 113458, ¶ 30, the court held, contrary to its holdings in *Csaszar* and *Cotto*, that a defendant's right to the reasonable assistance of postconviction counsel extended to private counsel. In *Anguiano*, a private attorney, who had represented the defendant during his direct appeal, drafted and filed the defendant's first-stage postconviction petition. *Id.* ¶ 11. In the petition, private counsel elaborated on an ineffective assistance of counsel argument that he had raised in the direct appeal. *Id.* The State filed a motion to dismiss the petition which argued that the claim was barred by *res judicata*. *Id.* ¶ 12. At the hearing on the State's motion, private counsel argued that he was presenting new evidence in support of the ineffective assistance claim. However, the trial court agreed with the State and dismissed the petition. *Id.*

¶ 17 On appeal, the court acknowledged its prior decision in *Csaszar*, 2013 IL App (1st) 100467, which distinguished appointed and privately retained counsel with regard to the right to a reasonable level of assistance, and then disagreed with the *Csaszar* holding. *Anguiano*, 2013 IL App (1st) 113458, ¶ 34. The *Anguiano* court found that "[n]either the Act nor the Illinois Supreme Court's rulings create a distinction between appointed and retained counsel with regard to this right, and we decline to infer such a distinction." *Id.* The court specifically noted that *Csaszar* did not discuss *People v. Mitchell*, 189 Ill. 2d 312, 358 (2000), in which the supreme court strongly indicated that a counseled defendant is entitled to a reasonable level of assistance. *Anguiano*, 2013 IL App (1st) 113458, ¶ 36. The *Anguiano* court also noted that *Csaszar* did not provide any policy reasons for affording a reasonable level of assistance to second-stage defendants who were appointed counsel, and denying the guarantee to defendants who privately retained counsel at the first and second stages. *Id.* The *Anguiano* court was not persuaded by the

6

*Csaszar* court's rationale that private counsel would be subject to disciplinary action or a malpractice suit for his or her incompetent performance. *Id.* ¶ 39. The *Anguiano* court held:

> "we do not believe the legislature intended for private counsel retained through the first and second stages to be free to provide a level of assistance below that required of counsel appointed or retained at the second stage. Applying the same standards has the virtue not only of guaranteeing similar protections to similarly situated litigants, but also of simplicity. We see no need to further complicate postconviction proceedings." *Id.* ¶ 40.

Applying the reasonable level of assistance standard to the defendant's claims against private postconviction counsel, the *Anguiano* court ultimately concluded that the defendant had not established that he received unreasonable assistance of private counsel. *Id.* ¶ 49.

¶ 18        After reviewing the split of authority, we adopt the reasoning in *Anguiano*, and reject the *Csaszar* and *Cotto* holdings. We agree with *Anguiano* that the law strongly suggests that the reasonable assistance standard applies to privately retained counsel who is trying a postconviction petition at the second stage of proceedings. *Id.* ¶ 26; see also *Mitchell*, 189 Ill. 2d at 358 (finding that defendant's private postconviction attorneys "clearly provided a reasonable level of assistance," and the private attorneys' representation was not "unreasonable"). To hold otherwise would incentivize petitioners to claim indigence as it would guarantee that they receive reasonable assistance of counsel, which would not be required of private postconviction attorneys. In light of this conclusion, we proceed to determine whether the defendant received unreasonable assistance of postconviction counsel. We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182 (2005).

7

¶ 19     The defendant argues that postconviction counsel did not adequately develop and support his claim of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, the defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). At the second stage of proceedings, the defendant need only make a substantial showing of both of the *Strickland* prongs to warrant an evidentiary hearing. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 20     In this case, in the amended petition, private counsel raised several allegations of plea counsel's deficient performance. However, private counsel did not argue that the defendant suffered prejudice as a result of plea counsel's performance. Stated another way, private counsel failed to allege that plea counsel's deficient performance affected the outcome of the proceeding, and absent plea counsel's errors, the defendant would not have pled guilty and insisted on going to trial. See *People v. Guzman*, 2014 IL App (3d) 090464, ¶ 33, *aff'd*, 2015 IL 118749 ("To show prejudice in the plea context, the defendant must demonstrate that but for trial counsel's error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial."). The complete omission of the second prong of the *Strickland* analysis from the amended petition and the lack of oral argument in support of this prong was unreasonable. Without this necessary allegation and argument, the amended petition could never satisfy the "substantial showing" of ineffective assistance required to advance the petition to an evidentiary hearing. *Hall*, 217 Ill. 2d at 334. Thus, postconviction counsel's performance was unreasonable, and we reverse the court's dismissal and remand the cause for *de novo* second-

stage proceedings held in compliance with section 122-4 of the Act (725 ILCS 5/122-4 (West 2014)).

¶ 21                                                CONCLUSION

¶ 22        The judgment of the circuit court of Will County is reversed and remanded.

¶ 23        Reversed and remanded.