2016 IL App (3d) 140455

Opinion filed June 7, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0455 Circuit No. 11-CF-906 |
| | ) | |
| JOSEPH W. GROSZEK, | ) ) | Honorable Edward A. Burmila, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Joseph W. Groszek, appeals from the second-stage dismissal of his postconviction petition. On appeal, the defendant argues that reversal is warranted because postconviction counsel provided unreasonable assistance.

¶ 2                                    FACTS

¶ 3     The defendant was charged by indictment with three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)); two counts of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2010)); and six counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2010)).

¶ 4    On December 30, 2011, the defendant appeared for a plea hearing. At the time, the defendant was represented by private counsel. During the hearing, the defendant agreed to plead guilty to three counts of predatory criminal sexual assault of a child in exchange for the State's agreement to *nolle prosequi* the remaining counts. During the State's presentation of the agreement, the court advised the State that, in an exercise of its statutory discretion, it would impose a five-year term of mandatory supervised release. The State recommended that the defendant be sentenced to 10 years' imprisonment on count I and 6 years' imprisonment on counts II and III. The terms were to run consecutively. The court accepted the defendant's plea and entered the recommended sentences.

¶ 5    On August 21, 2012, the defendant filed a *pro se* postconviction petition. In the petition, the defendant argued that he received ineffective assistance of counsel and his plea was not knowing and voluntary. The court advanced the petition to the second stage of proceedings and appointed the public defender. The public defender filed a motion to withdraw as postconviction counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The court denied the public defender's *Finley* motion, but then allowed counsel to withdraw as the defendant had hired private counsel.

¶ 6    Private counsel filed an amended postconviction petition, which argued, in relevant part, that the defendant received ineffective assistance of counsel when plea counsel: (1) pressured the defendant to withdraw his motion to suppress; (2) pressured the defendant to plead guilty to the three most serious offenses because the State would "badger" his elderly father at trial and counsel was unwilling to try the case; and (3) failed to file a motion to quash the defendant's warrantless arrest. The amended petition was accompanied by an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate and the defendant's affidavit.

¶ 7     In his affidavit, the defendant averred that: (1) plea counsel told him that the State would withdraw its plea offer if the defendant did not withdraw his motion to suppress and the State would badger the defendant's father at trial; (2) plea counsel pressured the defendant to take the plea deal because counsel said that "going to trial would be worse"; (3) the defendant did not understand what he was agreeing to during the plea colloquy; and (4) the defendant believed that plea counsel did not want to try the case.

¶ 8     The State filed a motion to dismiss the defendant's amended postconviction petition, and the court set the matter for a hearing. At the hearing, the State argued that the defendant did not allege prejudice with regard to his ineffective assistance of counsel claims. Private counsel argued that "the standard in a plea deal for what constitutes prejudice is not that the trial would have been in his favor but that the outcome would be different." At the conclusion of the arguments on the petition, the court granted the State's motion to dismiss. The defendant appeals.

¶ 9                                     ANALYSIS

¶ 10    The defendant argues that private postconviction counsel provided unreasonable assistance because counsel failed to properly allege and support the claim that plea counsel provided ineffective assistance.

¶ 11    The right to counsel during postconviction proceedings is wholly statutory. *People v. Lander*, 215 Ill. 2d 577, 583 (2005). The Post-Conviction Hearing Act (Act) provides for the appointment of counsel for an indigent defendant at the second stage of proceedings. 725 ILCS 5/122-4 (West 2014). Alternatively, a defendant may privately retain counsel at the first or later stages of proceedings. See *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 16.

3

¶ 12 Generally, a defendant is entitled to a "reasonable" level of assistance during postconviction proceedings. *People v. Munson*, 206 Ill. 2d 104, 137 (2002). Recently, in *People v. Cotto*, 2016 IL 119006, ¶ 42, our supreme court held that after the first stage of postconviction proceedings, a petitioner is entitled to the reasonable level of assistance from counsel, whether appointed or privately retained. We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182 (2005).

¶ 13 The defendant argues that postconviction counsel did not adequately develop and support his claim of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, the defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). At the second stage of proceedings, the defendant need only make a substantial showing of both of the *Strickland* prongs to warrant an evidentiary hearing. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 14 In this case, in the amended petition, private counsel raised several allegations of plea counsel's deficient performance. However, private counsel did not argue that the defendant suffered prejudice as a result of plea counsel's performance. Stated another way, private counsel failed to allege that plea counsel's deficient performance affected the outcome of the proceeding, and absent plea counsel's errors, the defendant would not have pled guilty and insisted on going to trial. See *People v. Guzman*, 2014 IL App (3d) 090464, ¶ 33, *aff'd*, 2015 IL 118749 ("To show prejudice in the plea context, the defendant must demonstrate that but for trial counsel's error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial."). The complete omission of the second prong of the *Strickland*

4

analysis from the amended petition and the lack of oral argument in support of this prong was unreasonable. Without this necessary allegation and argument, the amended petition could never satisfy the "substantial showing" of ineffective assistance required to advance the petition to an evidentiary hearing. *Hall*, 217 Ill. 2d at 334. Thus, postconviction counsel's performance was unreasonable, and we reverse the court's dismissal and remand the cause for *de novo* second-stage proceedings held in compliance with section 122-4 of the Act (725 ILCS 5/122-4 (West 2014)).

¶ 15                                              CONCLUSION

¶ 16        The judgment of the circuit court of Will County is reversed and remanded.

¶ 17        Reversed and remanded.