# Illinois Official Reports

## Appellate Court

***People v. Cotto*, 2015 IL App (1st) 123489**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESUS COTTO, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3489 |
| Filed | February 11, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The second-stage dismissal of defendant's postconviction petition was affirmed, despite defendant's contentions that his privately retained postconviction counsel did not provide him with reasonable assistance because he failed to contest the State's assertion that the petition was untimely due to his culpable negligence and that his case should be remanded for a new second-stage hearing with different counsel, since defendant failed to explain what additional steps should have been take to overcome the late filing. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-5917; the Hon. Shelley Sutker-Dermer, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Carson R. Griffis, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Joan F. Frazier, and Joseph A. Alexander, Assistant State's Attorneys, of counsel), for the People. |

Panel                 JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justice Hyman concurred in the judgment and opinion.
Presiding Justice Pucinski dissented, with opinion.

## OPINION

¶ 1      Defendant Jesus Cotto appeals the second-stage dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). He contends that his privately retained postconviction counsel did not provide him reasonable assistance because he failed to contest the State's assertion that his petition was untimely due to his culpable negligence. As a remedy, defendant requests that his case be remanded for new second-stage proceedings with different counsel.

¶ 2      Following a bench trial in September 2008, defendant was found guilty of armed robbery. Based on his prior felony convictions for armed robbery and aggravated vehicular hijacking with a weapon, he was sentenced as an habitual criminal to natural life imprisonment. This court affirmed that judgment on direct appeal. *People v. Cotto*, No. 1-08-3031 (June 3, 2009) (unpublished order under Supreme Court Rule 23).

¶ 3      On September 28, 2011, defendant filed the instant postconviction petition through retained counsel. In his petition, defendant made numerous claims of ineffective assistance of counsel at trial and on direct appeal.[1] He alleged, *inter alia*, that counsel failed to adequately prepare him for trial; failed to communicate with him and his family throughout the trial and appeals process; and failed to mail him a copy of this court's decision on direct appeal for more than 30 days after it was issued.

¶ 4      In support of the petition, defendant attached affidavits from his brother and mother, who averred, in relevant part, that counsel failed to communicate with them throughout the trial and on appeal, and failed to inform them about defendant's conviction and the decision on direct appeal until more than 30 days after issuance. Defendant also attached a copy of an envelope from counsel addressed to defendant's mother, postmarked September 4, 2009, and his own affidavit corroborating the allegations in his petition.

¶ 5      On November 18, 2011, the circuit court docketed defendant's petition for second-stage proceedings. On March, 30, 2012, the State moved to dismiss it, arguing, *inter alia*, that it was untimely filed. The State noted that the petition was filed more than six months after the appellate decision was issued and that defendant had failed to present facts to suggest that the untimely filing was not due to his culpable negligence.[2] The State also asserted that defendant's substantive claims were barred by *res judicata* and waiver; that the petition consisted of unsupported, conclusory allegations; and, as a consequence, that defendant failed to make a substantial showing of a constitutional violation to merit an evidentiary hearing.

---

[1]The record shows that defendant retained the same attorney at trial and on direct appeal.

[2]The State noted, incorrectly, that the appellate decision was filed on August 19, 2009, instead of June 3, 2009; however, that discrepancy is inconsequential where the petition was filed more than two years after the direct appeal.

¶ 6        On August 17, 2012, defense counsel filed a response to the State's motion in which he asserted that the petition was timely filed because trial counsel failed to inform defendant about the June 3, 2009 appellate decision and that the attached envelope, postmarked September 4, 2009, proved that the decision was sent to defendant's mother, rather than him, and that it was mailed more than 30 days after the decision was issued. Counsel maintained that defendant was incarcerated at the time of his appeal and that the delay in filing the petition was not due to any negligence on defendant's part, but was the result of the ineffectiveness of trial counsel, who failed to timely communicate with him about his appeal.

¶ 7        On November 2, 2012, the court conducted a hearing on the State's motion. The State rested on its arguments in the motion to dismiss regarding the timeliness issue, then argued the merits of the substantive claims set forth in defendant's petition. The State asserted that each of defendant's claims was speculative, refuted by the record, or unsupported by law or fact, and that counsel had provided reasonable assistance.

¶ 8        Postconviction counsel did not address the untimeliness of the petition and, instead, focused on the merits of the claims in the petition. Counsel acknowledged that there "[was not] one particular thing that pinpoint[ed] to the ineffective assistance of [trial] counsel," but that the court should look at "the whole house," suggesting, as in the petition, that the "cumulative effect" of trial counsel's actions constituted a substantial violation of defendant's constitutional rights. Prior to issuing its ruling, the circuit court noted that it had reviewed the case, examined each of defendant's claims and found that they were not supported by the record or the law, and then granted the State's motion to dismiss.

¶ 9        In this appeal from that order, defendant abandons the issues raised in his petition, thereby forfeiting their appellate review (Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013)). Instead, defendant solely claims that his retained postconviction counsel failed to provide him reasonable assistance with his petition because he failed to contest the State's assertion that the untimely filing of his petition was due to his culpable negligence.

¶ 10       The State, relying on our decision in *People v. Csaszar*, 2013 IL App (1st) 100467, ¶ 25, responds that the Act does not require reasonable assistance of privately retained counsel, and thus defendant failed to state a cognizable claim on appeal. In *Csaszar*, defendant hired a private attorney to draft and file his postconviction petition, alleging various claims of ineffective assistance of counsel. The State filed a motion to dismiss the petition, which was subsequently granted. *Csaszar*, 2013 IL App (1st) 100467, ¶¶ 12-13. On appeal, defendant did not contest the dismissal of his petition on the merits, but argued instead that privately retained counsel did not provide him reasonable assistance. *Csaszar*, 2013 IL App (1st) 100467, ¶ 15. There, we held that although a *pro se* defendant had a right to reasonable assistance from appointed counsel, neither the Act nor case law supported the claim that the State was required to provide reasonable assistance of counsel for any petitioner able to hire his own postconviction counsel, and therefore defendant failed to state a cognizable claim for relief. *Csaszar*, 2013 IL App (1st) 100467, ¶¶ 18, 25. We find no appreciable difference in the case at bar, where, as in *Csaszar*, defendant retained private counsel to prepare and file his petition for him.

¶ 11       Defendant, on the other hand, relies on *People v. Anguiano*, 2013 IL App (1st) 113458, where the Fourth Division of this court found that the Act requires a reasonable level of assistance from all counsel, whether appointed or privately retained, and declined to draw a distinction between the two. *People v. Anguiano*, 2013 IL App (1st) 113458, ¶¶ 32, 34. We

continue to find the reasoning in *Csaszar* persuasive and, accordingly, affirm the circuit court's dismissal of defendant's petition.

¶ 12 That said, we observe that even under *Anguiano*, we would affirm the dismissal. In *Anguiano*, postconviction counsel was found to have provided reasonable assistance, where he attempted to overcome a procedural bar of *res judicata* even though he was unable to persuade the court of its sufficiency. *Anguiano*, 2013 IL App (1st) 113458, ¶ 49. Here, counsel likewise demonstrated his understanding of the procedural hurdle of untimeliness when he responded to the State's motion to dismiss raising the issue. He argued that defendant was not culpably negligent for the late filing, citing trial counsel's lack of communication and tardiness in mailing the decision on direct appeal to him, and attached affidavits from defendant and his family members to that effect, as well as a postmarked envelope showing the late mailing. Although, as in *Anguiano*, counsel's argument was not necessarily convincing, defendant has failed to explain what additional steps counsel should have taken to overcome the late filing, and it appears to have been the best option available. *Id*. Accordingly, counsel's performance was not so deficient that he failed to provide a reasonable level of assistance. *Id.*

¶ 13 For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

¶ 14 Affirmed.

¶ 15 PRESIDING JUSTICE PUCINSKI, dissenting.

¶ 16 With respect, I disagree.

¶ 17 I believe that *People v. Anguiano*, 2013 IL App (1st) 113458, provides reasonable guidance in this matter, having held that reasonable assistance is required from any attorney under the Act, whether appointed or privately paid.

¶ 18 In this case, Cotto's private postconviction attorney knew or should have known that the deadline for filing Cotto's postconviction petition was January 3, 2010.

¶ 19 The attorney filed the petition on September 28, 2011, with no explanation of what took so long. His reliance on Cotto's affidavit that the envelope with the appellate court decision was mailed on September 4, 2009, was bare-bones misplaced, since the attorney did not do anything to provide further affidavits to explain why a mailing to Cotto's *mother* was insufficient, when Cotto himself actually received the appellate court's Rule 23 order, or why the attorney did not file the petition on time.

¶ 20 I would reverse and remand to the trial court for a second-stage appointment of counsel to get all the facts necessary to properly determine which of Cotto's attorneys did or did not give him reasonable assistance.