# Illinois Official Reports

## Supreme Court

---

### *People v. Cotto*, 2016 IL 119006

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JESUS COTTO, Appellant. |
| Docket No. | 119006 |
| Filed | May 19, 2016 |
| Rehearing denied | September 26, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Shelley Sutker-Dermer, Judge, presiding. |
| Judgment | Appellate court judgment affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg and Patricia Mysza, Deputy Defenders, and S. Emily Hartman, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.<br><br>Jesus Cotto, appellant *pro se*, on petition for rehearing.<br><br>Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, and Joseph A. Alexander, Assistant State's Attorneys, of counsel), for the People. |

Justices                 JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1      This appeal asks this court to decide if every postconviction petitioner represented by counsel is entitled to a reasonable level of assistance from counsel after first-stage proceedings, regardless of whether counsel was appointed or privately retained. The appellate court is split on the issue. Compare *People v. Csaszar*, 2013 IL App (1st) 100467, ¶ 25 (reasonable level of assistance standard does not apply to privately retained counsel), with *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 31 (reasonable level of assistance standard applicable to both retained and appointed counsel).

¶ 2      The circuit court granted the State's motion to dismiss defendant's postconviction petition, and a divided appellate court affirmed. 2015 IL App (1st) 123489, ¶ 13. For the reasons that follow, we conclude that the reasonable level of assistance standard applies to both retained and appointed postconviction counsel. We reject the appellate court's contrary conclusion but affirm its judgment on an alternative basis.

¶ 3                           BACKGROUND

¶ 4      Following a bench trial in 2008, defendant was found guilty of armed robbery. Based on defendant's prior felony convictions, the Cook County circuit court sentenced him as a habitual criminal to natural life imprisonment.

¶ 5      At defendant's trial, the State presented the testimony of 14-year-old Guadalupe Cardenas and 14-year-old Kelvyn Negron. On May 7, 2008, Cardenas, Negron, and Cardenas's younger sister were walking home from school when defendant exited an alley and approached them. Defendant grabbed Negron in a "choke hold" and demanded his personal belongings. As defendant and Negron struggled, Cardenas attempted to pull Negron away from defendant. Defendant threatened Cardenas with a gun from his sleeve. Defendant ripped two gold chains off Negron's neck and then ran to a nearby parked car. Cardenas memorized the license plate of defendant's vehicle and provided police with that information.

¶ 6      Ultimately, defendant was apprehended by police officers based on the victims' descriptions of their assailant and his vehicle. Cardenas and Negron identified defendant from a police lineup. Defendant confessed to taking the gold chains from Negron but denied possessing a gun during the robbery. Instead, defendant claimed he had a piece of black rubber tubing inside his sleeve.

¶ 7      The trial court found defendant guilty of armed robbery. Based on defendant's prior Class X felony convictions for armed robbery and aggravated vehicular hijacking with a weapon, he was sentenced as a habitual criminal to natural life imprisonment. On direct review, the appellate court affirmed defendant's conviction and sentence. *People v. Cotto*, No. 1-08-3031 (June 3, 2009) (unpublished order under Supreme Court Rule 23).

¶ 8      On September 28, 2011, defendant, through privately retained counsel, filed a postconviction petition. That petition is the subject of the instant appeal.

¶ 9 In the postconviction petition, defendant claimed he was denied his due process rights when the trial court failed to explain his right to substitution of judge. Defendant also raised numerous claims of ineffective assistance of trial and appellate counsel. Specifically, defendant alleged that his trial counsel was ineffective for failing to: (1) discuss the case and defendant's criminal background with him and his family members; (2) conduct an independent investigation into the underlying criminal incident; (3) adequately prepare defendant for trial; (4) speak to other witnesses; (5) challenge the reliability of the victims' identification of defendant; (6) present expert testimony on gun-barrel diameters to challenge the veracity of the victims' testimony that defendant possessed a gun; (7) request a hearing on natural-life sentencing; and (8) properly prepare defendant for the sentencing hearing, including obtaining mitigation material. Defendant also alleged trial counsel was ineffective for soliciting details of defendant's criminal background from him during his direct testimony and asking defendant to "basically lie about having a rubber tube."

¶ 10 Defendant's postconviction petition further alleged that his trial and appellate counsel were ineffective for (1) "failing to notice, argue, preserve, and raise the procedural error issue of not receiving adequate notice of [the] government's request for natural life" and (2) failing to provide defendant with notice of the appellate court's decision within 30 days to preserve his right to appeal.

¶ 11 In support of his petition, defendant attached more than 100 pages of court transcripts from his trial and various pretrial and posttrial hearings. Defendant also attached affidavits from his brother and mother, who averred that defendant's counsel failed to communicate with them throughout trial and appeal and failed to inform them about defendant's conviction and the appellate court's decision until more than 30 days had lapsed. Lastly, defendant attached his own affidavit corroborating the allegations in his petition and a copy of an envelope from his counsel addressed to defendant's mother, postmarked September 4, 2009.

¶ 12 The trial court advanced defendant's petition to second-stage proceedings. On March 30, 2012, the State filed a motion to dismiss the petition. The State argued that the petition was not timely filed and that defendant failed to allege the untimely filing was not due to his culpable negligence. The State also argued that defendant's substantive claims were barred by *res judicata* and waiver and consisted primarily of unsupported, conclusory allegations. The State further asserted that none of defendant's claims made a substantial showing of a constitutional violation and, therefore, defendant was not entitled to an evidentiary hearing.

¶ 13 On August 17, 2012, defendant's postconviction counsel filed a response to the State's motion, arguing that the petition was untimely filed because trial counsel failed to inform defendant about the appellate court's June 3, 2009, decision. In support, defendant alleged that the attached envelope, addressed to his mother and postmarked September 4, 2009, proved that the notice of appeal was mailed to his mother and not to defendant. Accordingly, defendant alleged that the "petition establishes clear facts that suggest the delay was not due to defendant's culpable negligence."

¶ 14 On November 2, 2012, the circuit court held a hearing on defendant's petition, and the parties presented extensive arguments on the substantive claims in the petition. Following arguments, the court allowed the State's motion to dismiss defendant's petition. The court found that the record did not substantiate defendant's claim that his trial counsel suborned perjury. The court also found that "[t]he decisions made by [trial counsel] in the course of the

trial appear to have been within that range of [a] lawyer's decisions and judgments which *** certainly do not rise to the level of deprivation of a constitutional right under the Sixth Amendment." The court determined it was clear from the record that defendant was apprised of his eligibility for a natural life sentence. Relevant to the issue in this appeal, the trial court did not reference the timeliness of defendant's petition or otherwise indicate that the dismissal was based on the petition's untimely filing.

¶ 15    On appeal, defendant argued solely that his privately retained postconviction counsel did not provide him with the requisite "reasonable level of assistance" during the second-stage proceedings because counsel failed to contest the State's assertion that defendant's petition was untimely based on his culpable negligence. A majority of the appellate court rejected defendant's argument and affirmed the circuit court's dismissal of his postconviction petition. 2015 IL App (1st) 123489, ¶ 13.

¶ 16    Relying on *People v. Csaszar*, 2013 IL App (1st) 100467, the appellate court majority concluded that defendant's claim failed because only *pro se* petitioners are entitled to a reasonable level of assistance in postconviction proceedings and defendant hired private counsel to file his postconviction petition. 2015 IL App (1st) 123489, ¶ 10. Citing *Csaszar*, the majority explained that "although a *pro se* defendant had a right to reasonable assistance from appointed counsel, neither the Act nor case law supported the claim that the State was required to provide reasonable assistance of counsel for any petitioner able to hire his own postconviction counsel." 2015 IL App (1st) 123489, ¶ 10 (citing *Csaszar*, 2013 IL App (1st) 100467, ¶¶ 18, 25).

¶ 17    The appellate majority acknowledged the contrary conclusion reached in *People v. Anguiano*, 2013 IL App (1st) 113458, a decision that determined the Post-Conviction Hearing Act requires a reasonable level of assistance from all postconviction counsel, appointed and privately retained. The majority, however, declined to follow *Anguiano* and "continue[d] to find the reasoning in *Csaszar* persuasive." 2015 IL App (1st) 123489, ¶ 11.

¶ 18    Alternatively, the majority explained that even under *Anguiano*, it would affirm the dismissal of defendant's petition. The majority found that defendant's retained counsel provided reasonable assistance when counsel recognized the procedural hurdle of untimeliness and argued that defendant was not culpably negligent for the late filing. The majority also observed that defendant "failed to explain what additional steps counsel should have taken to overcome the late filing, and it appears to have been the best option available." 2015 IL App (1st) 123489, ¶ 12.

¶ 19    The dissenting justice agreed with the rationale from *Anguiano*. Applying *Anguiano*, the dissent believed that postconviction counsel failed to provide a reasonable level of assistance in explaining the untimeliness of defendant's petition. 2015 IL App (1st) 123489, ¶¶ 17-19 (Pucinski, P.J., dissenting).

¶ 20    We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015).

¶ 21                                    ANALYSIS

¶ 22    On appeal, defendant argues that his privately retained postconviction counsel failed to provide him with a reasonable level of assistance "by failing to adequately contest the State's assertion that he was culpably negligent in filing his petition late." Defendant acknowledges the split of appellate authority on the issue of whether retained counsel must be held to the

same "reasonable level of assistance standard" applicable to appointed counsel. Defendant urges this court to adopt the reasoning of *Anguiano*, holding that both retained and appointed counsel must provide reasonable assistance.

¶ 23　In response, the State agrees with defendant that all postconviction petitioners are entitled to reasonable assistance from their counsel, regardless of whether counsel is appointed or retained. The State argues, however, that defendant was provided with the requisite reasonable level of assistance in this case. The State contends that defendant's postconviction counsel acted reasonably by offering an explanation for the untimely filing of defendant's petition. Moreover, the State notes that the circuit court did not reference the late filing of defendant's petition when it granted the State's motion to dismiss.

¶ 24　The parties' respective arguments present questions of law that we review *de novo*. *People v. Clemons*, 2012 IL 107821, ¶ 8. This court also reviews *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 25　The primary issue in this appeal is whether postconviction petitioners who retain private counsel are entitled to a reasonable level of assistance, the same level of assistance guaranteed to *pro se* petitioners with appointed counsel after a petition advances from first-stage proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). As this case demonstrates, the appellate court is split on the issue.

¶ 26　Initially, we summarize the familiar procedural framework of the Act. 725 ILCS 5/122-1 *et seq.* (West 2010). The Act provides a method for an individual subject to a criminal sentence to challenge a conviction by alleging it was the result of a substantial denial of federal or state constitutional rights, or both. 725 ILCS 5/122-1 *et seq.* (West 2010). The Act provides a three-stage process for adjudicating petitions. *People v. Hommerson*, 2014 IL 115638, ¶ 7. At the first stage, the circuit court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). If the petition is not dismissed at first-stage proceedings, it advances to the second stage. *Hommerson*, 2014 IL 115638, ¶ 7.

¶ 27　During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary, and the State may file a motion to dismiss or an answer to the petition. 725 ILCS 5/122-4, 122-5 (West 2010). If the court appoints counsel at the second stage, appointed counsel is required to file a certificate showing compliance with Illinois Supreme Court Rule 651(c), namely, stating that appointed counsel has consulted with the defendant, examined the record of trial proceedings, and made any necessary amendments. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *People v. Turner*, 187 Ill. 2d 406, 410 (1999) (noting that "Supreme Court Rule 651(c) outlines the specific duties of appointed counsel in post-conviction proceedings").

¶ 28　At the conclusion of the second stage, the court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 245-46 (2001). If not, the petition may be dismissed. *Edwards*, 197 Ill. 2d at 246. If the requisite showing is made, however, the petition advances to the third stage, and an evidentiary hearing is held. *Edwards*, 197 Ill. 2d at 246.

¶ 29　Relevant to the controversy in this case, it is settled that there is no constitutional right to assistance of counsel during postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969). Accordingly, this court has

explained that "[t]he right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act." *People v. Hardin*, 217 Ill. 2d 289, 299 (2005).

¶ 30    This court has concluded that the Act provides a postconviction petitioner with "reasonable" assistance. *Hardin*, 217 Ill. 2d at 299; *People v. Owens*, 139 Ill. 2d 351, 358-59 (1990). Indeed, the reasonable assistance standard has been applicable to Illinois postconviction proceedings for two decades. See *Anguiano*, 2013 IL App (1st) 113458, ¶¶ 19-22 (detailing the development of this court's jurisprudence on the standards applicable to postconviction counsel's performance).

¶ 31    This court has broadly rejected any distinction between appointed and retained counsel for purposes of Illinois Supreme Court Rule 651(c). *People v. Richmond*, 188 Ill. 2d 376, 380-81 (1999). After examining the language of that rule, we explained that "we can discern no apparent reason not to impose on retained counsel in this case the same requirements that we impose on appointed counsel representing a defendant who originally files a *pro se* post-conviction petition." *Richmond*, 188 Ill. 2d at 381.

¶ 32    This court has also required reasonable assistance from privately retained postconviction counsel at the first and second stage of postconviction proceedings. See *People v. Mitchell*, 189 Ill. 2d 312, 358 (2000) (reviewing retained counsel's performance under the reasonable assistance standard). Notably, this court has never held that the reasonable assistance standard is inapplicable to a postconviction defendant who retained private counsel or otherwise distinguished between appointed and retained counsel for purposes of that standard.

¶ 33    Nonetheless, the appellate court here determined that the reasonable assistance standard is not applicable when a defendant is represented by privately retained counsel during second-stage proceedings. Relying on *People v. Csaszar*, 2013 IL App (1st) 100467, ¶ 25, the appellate court majority concluded that retained postconviction counsel is not required to provide a reasonable level of assistance. 2015 IL App (1st) 123489, ¶¶ 10-11.

¶ 34    In *Csaszar*, the defendant hired private counsel to file his postconviction petition, and the petition was dismissed at the second stage. On direct review, the defendant argued only that his retained counsel failed to provide him with reasonable assistance. *Csaszar*, 2013 IL App (1st) 100467, ¶ 15.

¶ 35    Rejecting the defendant's argument, the *Csaszar* court first noted that a postconviction petitioner does not have a constitutional right to assistance of counsel in postconviction proceedings. *Csaszar*, 2013 IL App (1st) 100467, ¶ 16 (citing *People v. Guest*, 166 Ill. 2d 381, 412 (1995)). The court in *Csaszar* recognized this court's consistent holdings that postconviction petitioners are entitled to a reasonable level of assistance from appointed counsel under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). See *Csaszar*, 2013 IL App (1st) 100467, ¶ 16 (collecting cases). The *Csaszar* court concluded, however, that those holdings guaranteed reasonable assistance only to *pro se* petitioners with appointed counsel because "Rule 651(c) applies only when the petitioner files his original postconviction petition *pro se*, and not when the petitioner obtains the assistance of retained counsel." *Csaszar*, 2013 IL App (1st) 100467, ¶ 16.

¶ 36    The court also rejected the defendant's reliance on decisions this court issued before the adoption of Rule 651(c) that guaranteed a specific level of assistance from postconviction counsel. The court explained that those earlier decisions were also based on concerns about the

- 6 -

quality of representation that appointed counsel provided to indigent defendants. *Csaszar*, 2013 IL App (1st) 100467, ¶ 17. Accordingly, the court in *Csaszar* concluded that, because "the Act does not require reasonable assistance of retained counsel," the defendant failed to state a cognizable claim on appeal, and it affirmed the dismissal of the defendant's petition. *Csaszar*, 2013 IL App (1st) 100467, ¶ 25.

¶ 37    In contrast, the appellate court reached the opposite conclusion in *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 22, holding that both retained and appointed counsel are required to provide a reasonable level of assistance to a defendant in second-stage postconviction proceedings. In *Anguiano*, the privately retained counsel who represented the defendant on appeal filed a postconviction petition, alleging that the defendant's trial counsel was ineffective. The State moved to dismiss the petition on the grounds of *res judicata*. The trial court agreed with the State and granted its motion to dismiss. *Anguiano*, 2013 IL App (1st) 113458, ¶¶ 11-12.

¶ 38    On appeal, Anguiano argued that his retained postconviction counsel failed to provide a reasonable level of assistance when counsel did not consult with the defendant and raised the same issue in both his appeal and postconviction petition. *Anguiano*, 2013 IL App (1st) 113458, ¶ 17. The court in *Anguiano* first concluded that Rule 651(c) does not apply when the initial petition is filed by retained counsel. *Anguiano*, 2013 IL App (1st) 113458, ¶ 25.

¶ 39    Next, the *Anguiano* court considered whether case law interpreting the Act generally supported a conclusion that, at the second stage, all postconviction petitioners have a right to reasonable assistance of counsel, whether appointed or retained. Citing *Mitchell*, 189 Ill. 2d at 358, and *People v. Kegel*, 392 Ill. App. 3d 538, 539 (2009), the court answered that question affirmatively because both decisions applied the reasonable assistance standard in the context of a petition filed by retained counsel. *Anguiano*, 2013 IL App (1st) 113458, ¶¶ 26-28.

¶ 40    The court in *Anguiano* also observed that the reasonable level of assistance standard was not subject to the same limitation of Rule 651(c) because the Act generally requires a reasonable level of assistance and applies to all petitions, unlike Rule 651(c). In addition, the court explained that neither the Act nor this court has ever limited the guarantee of reasonable assistance to formerly *pro se* defendants with appointed counsel. Ultimately, the court held that both appointed and retained counsel must provide a reasonable level of assistance to postconviction defendants at second-stage proceedings. *Anguiano*, 2013 IL App (1st) 113458, ¶ 40.

¶ 41    We agree with defendant that *Anguiano* best comports with this court's jurisprudence on the reasonable level of assistance standard. We, therefore, accept the State's concession on the issue. Although Rule 651(c) applies only to a postconviction petition initially filed by a *pro se* defendant (*Richmond*, 188 Ill. 2d at 381), this court has never conditioned the reasonable level of assistance standard on the applicability of that rule. Indeed, this court has treated the reasonable assistance standard as generally applying to all postconviction defendants without reference to Rule 651(c) or between retained or appointed counsel. See, *e.g.*, *People v. Perkins*, 229 Ill. 2d 34, 42 (2007) (stating "[t]he Act provides for a 'reasonable' level of assistance"). Put another way, Rule 651(c) "is merely a vehicle for ensuring a reasonable level of assistance" (*Anguiano*, 2013 IL App (1st) 113458, ¶ 37) and should not be viewed as the only guarantee of reasonable assistance in postconviction proceedings.

¶ 42    Accordingly, we find that the appellate court in this case erred when it concluded that defendant was not entitled to reasonable assistance from his retained counsel at second-stage proceedings. We also overrule *Csaszar* for reaching the same erroneous conclusion. We hold that there is no difference between appointed and privately retained counsel in applying the reasonable level of assistance standard to postconviction proceedings. Both retained and appointed counsel must provide reasonable assistance to their clients after a petition is advanced from first-stage proceedings.

¶ 43    Next, we consider whether defendant's privately retained counsel provided him with a reasonable level of assistance. Although the State concedes that the appellate court erred by concluding that defendant was not entitled to reasonable assistance from his retained counsel, it argues that the appellate court's judgment should be affirmed even under that standard. The State notes the appellate court also concluded that, "even under *Anguiano*," it would affirm the dismissal of defendant's petition because he received reasonable assistance.

¶ 44    Defendant argues that "the sheer inadequacy" of his postconviction counsel's explanation on the untimeliness of the petition precluded him from prevailing on the merits of his petition on review. Defendant notes that his petition was filed over a year and a half late and his counsel's only explanation relied on an envelope showing that the appellate court's decision was mailed to his mother on September 4, 2009. Although recognizing that the record does not reveal when postconviction counsel was retained, defendant asserts that fact is not necessary to resolve his claims. He acknowledges that the trial court did not indicate his petition was dismissed based on its untimeliness, but he argues that the court is presumed to follow the law.

¶ 45    As we have noted, there is no constitutional right to effective assistance of postconviction counsel. *Hardin*, 217 Ill. 2d at 299. Consequently, the reasonable level of assistance provided for by the Act is "less than that afforded by the federal or state constitutions." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 46    Here, defendant's retained postconviction counsel drafted a petition with several detailed claims of ineffective assistance by trial counsel, claims of ineffective assistance by appellate counsel, and claims alleging a violation of defendant's due process rights. The petition included several supporting attachments, including: (1) affidavits from defendant, his brother, and his mother; (2) more than 100 pages of transcripts from the trial, pretrial hearings, and posttrial hearings; and (3) a copy of an envelope from defendant's counsel addressed to defendant's mother, postmarked September 4, 2009.

¶ 47    Defendant's petition survived first-stage dismissal and proceeded to second-stage proceedings. After the State filed a motion to dismiss, defendant's counsel filed a response rebutting the State's claims and included an explanation for the petition's untimeliness.

¶ 48    At the hearing on the State's motion to dismiss, the trial court considered extensive arguments by both sides on the substantive claims in defendant's petition. Ultimately, the trial court granted the State's motion to dismiss. After evaluating the merits of defendant's substantive claims, the court concluded that he did not make the requisite substantial showing of a constitutional violation.

¶ 49    Before this court, as in the appellate court, the only error alleged by defendant is that his retained postconviction counsel failed to explain adequately the delay in filing his petition. Defendant does not otherwise challenge the trial court's ruling on the merits of his claims and, therefore, has forfeited review of those claims. See *People v. Conick*, 232 Ill. 2d 132, 144

(2008) (issues not raised by postconviction petitioner in the appellate court forfeited on review).

¶ 50 After considering the record in this case, we reject defendant's argument that his postconviction counsel failed to provide reasonable assistance. In our view, defendant's retained postconviction counsel ably discharged his duties. Notably, defendant fails to explain what additional information should have been included by counsel in regard to the timeliness issue. Nor does defendant identify when he retained postconviction counsel in relation to the filing deadline for his petition. More critically, the record demonstrates that defendant's petition was not dismissed as untimely. The trial court reviewed defendant's claims on their merits with no mention of the petition's late filing.

¶ 51 Under these circumstances, we find no deficiency in postconviction counsel's representation. Accordingly, we conclude that defendant received the reasonable assistance of counsel contemplated by the Act.

¶ 52                                      CONCLUSION

¶ 53 For these reasons, we affirm the dismissal of defendant's postconviction petition.

¶ 54 Appellate court judgment affirmed.