2020 IL App (1st) 161273-U

No. 1-16-1273

Order filed June 26, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 01902 |
| | ) | |
| LATRONDA HARRIS, | ) | Honorable |
| | ) | Frank Zelezinski, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court's summary dismissal of defendant's *pro se* postconviction petition affirmed where defendant failed to raise any issue on appeal related to the allegations contained in her petition and attempted to raise new issues for the first time on appeal.

¶ 2    Defendant Latronda Harris was convicted of first degree murder following a bench trial and sentenced to 50 years' imprisonment. Her conviction and sentence were affirmed by this court on direct appeal. *People v. Harris*, 2015 IL App (1st) 130397-U. Defendant filed a *pro se*

postconviction petition on October 27, 2015, which was summarily dismissed by the trial court. This appeal followed.

¶ 3      On appeal, defendant contends that she raised an arguably meritorious claim that appellate counsel provided ineffective assistance by failing to challenge the trial court's failure to conduct a competency hearing.  For the reasons that follow, we affirm.

¶ 4                                   BACKGROUND

¶ 5      The facts related to defendant's conviction were fully set forth in defendant's direct appeal, and we will only recite those facts necessary to the disposition of the instant appeal.

¶ 6      Briefly stated, during defendant's initial trial court proceedings, just after jury selection began, defense counsel told the court that it was his *bona fide* belief that defendant did not understand the proceedings and that she was on psychotropic medication.  The trial court ordered a competency evaluation and halted the proceedings until the evaluation was complete. Defendant was found to suffer from mental illness and was taking a variety of psychotropic medication while she was in Cook County jail awaiting trial.  After two doctors examined defendant and found her competent, the trial court reset defendant's case for trial.  No fitness hearing was conducted.

¶ 7      Following trial, defendant was convicted of first degree murder related to the beating death of 17-month-old Shawn Legette.  The court also found that the victim was a child under the age of 12 years old and that the injuries he sustained were exceptionally brutal, heinous, and indicative of wanton cruelty.  Defendant's motion for new trial was denied and the matter proceeded to sentencing.  After a sentencing hearing, the trial court sentenced defendant to a 50-year prison term.

¶ 8 On direct appeal, defendant contended that her 50-year sentence was excessive. This court affirmed her conviction and sentence.

¶ 9 Defendant subsequently filed a *pro se* postconviction petition on October 27, 2015, alleging that her Fifth and Fourteenth Amendment rights were violated because she was denied an opportunity to be heard and the court did not conduct a fitness hearing, and that she was denied the effective assistance of counsel because counsel failed to: (1) "investigate mental competency ability evaluation during the bench trial process," (2) call witnesses, (3) prepare a defense for trial, and (4) "test for fitness for trial because offender was clearly under a mental disability but was diagnosed in Cook County [j]ail." The trial court summarily dismissed defendant's *pro se* petition, finding that it was unsupported by any fact or law as to any constitutional issues and simply failed to establish a gist of a constitutional issue. This appeal followed.

¶ 10                                    DISCUSSION

¶ 11 On appeal, defendant contends that she raised an arguably meritorious claim that appellate counsel provided ineffective assistance by failing to challenge the trial court's failure to conduct a competency hearing. Specifically, defendant contends that her claim that appellate counsel provided ineffective assistance of counsel by failing to raise a claim that the trial court erred in failing to conduct a fitness hearing arguably had merit and that counsel's failure to raise such claim was arguably prejudicial.

¶ 12 The State responds that we should affirm the summary dismissal of defendant's *pro se* postconviction petition because the issue defendant raises on appeal was not included in her petition. In fact, the State contends that defendant did not raise any issue related to appellate

counsel's effectiveness in her petition but instead only raised claims related to trial counsel's performance, and that she has now abandoned those claims on appeal.

¶ 13    In her reply brief, defendant contends the record "directly refutes both of the State's arguments," and they are without merit. Additionally, defendant contends that because the State did not contest the merits of her appeal, this court should reverse the summary dismissal of her petition. We disagree.

¶ 14    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a method for an individual seeking to challenge a conviction by alleging that it was the result of a substantial denial of federal or state constitutional rights, or both. "The purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22. Postconviction proceedings are not a continuation of, or an appeal from, the original case. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). Rather, a postconviction petition is a collateral attack upon the prior conviction and affords only limited review of constitutional claims not presented at trial. *People v. Greer*, 212 Ill. 2d 192, 203 (2004). A postconviction proceeding under the Act is a collateral proceeding rather than an appeal of the underlying judgment and allows review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455-56 (2002). Thus, any issues that were "raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*; issues that could have been raised, but were not, are considered waived." *Pitsonbarger*, 205 Ill. 2d at 456.

¶ 15    The Act provides a three-stage process for adjudicating petitions. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, the trial court determines whether the petition is "frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). If the petition is not dismissed at first-stage proceedings, it advances to the second stage. *Cotto*, 2016 IL 119006, ¶ 26. In the second stage of postconviction proceedings, the defendant bears the burden of making a substantial showing of a constitutional violation. *Pendleton*, 223 Ill. 2d at 473. If such a showing is made, then the petition proceeds to the third stage where the trial court conducts an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2012).

¶ 16    Our supreme court's decision in *People v. Hodges*, 234 Ill. 2d 1, 9 (2009), states the principles applicable to our review.

> "[A] postconviction petition must *** set forth the respects in which petitioner's constitutional rights were violated. [Citation.] With regard to this requirement, a defendant at the first stage need only present a limited amount of detail in the petition. [Citations.] Because most petitions are drafted at this stage by defendants with little legal knowledge or training, this court views the threshold for survival as low. [Citations.] In fact, we have required only that a *pro se* defendant allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." (Internal quotation marks omitted.)

¶ 17    Our review of the summary dismissal of defendant's postconviction petition is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 18    Contrary to defendant's contention on appeal, our reading of her *pro se* postconviction petition reveals that she raised no issues related to the effectiveness of appellate counsel. All of

the allegations of her petition related to errors of the trial court and claims of ineffectiveness of her trial counsel. Specifically, as noted above, defendant alleged that counsel was ineffective for failing to: (1) "investigate mental competency ability evaluation during the bench trial process," (2) call witnesses, (3) prepare a defense for trial, and (4) "test for fitness for trial because offender was clearly under a mental disability but was diagnosed in Cook County Jail." None of those allegations can reasonably be construed as referring to appellate counsel's representation on direct appeal.

¶ 19 The question raised on appeal from the summary dismissal of a postconviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to trigger relief under the Act. *People v. Jones*, 211 Ill. 2d 140, 148 (2004). Thus, any issues to be reviewed must be presented in the petition filed in the trial court. *Id*. The general rule is that claims not actually raised in a postconviction petition cannot be argued for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505-06 (2004). Such claims are waived pursuant to section 122-3 of the Act. 725 ILCS 5/122-3 (West 2014).

¶ 20 We therefore conclude that defendant's contention on appeal that appellate counsel on direct appeal was ineffective for failing to challenge the trial court's failure to conduct a competency hearing is waived. We accordingly find that the trial court's summary dismissal of defendant's *pro se* postconviction petition is affirmed because defendant raises no allegations on appeal related to such dismissal.

¶ 21                                        CONCLUSION

¶ 22 For the foregoing reason, we affirm the decision of the circuit court of Cook County.

¶ 23 Affirmed.