2021 IL App (1st) 201247-U

No. 1-20-1247

Order filed December 15, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 07747 |
| | ) | |
| CHAKA RICHBLOOD, | ) | Honorable |
| | ) | Patrick Coughlin, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice McBride concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the circuit court's dismissal of defendant's *pro se* postconviction petition where defendant's claim that the Truth in Sentencing Act is unconstitutional as applied to juvenile offenders is frivolous and patently without merit.

¶ 2     Defendant Chaka Richblood appeals from an order of the circuit court of Cook County dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILSC 5/122-1 *et seq.* (West 2018)). On appeal, defendant contends that the court erred in summarily dismissing his petition where he established an "arguable basis of a meritorious claim" that the

Truth in Sentencing Act (730 ILCS 5/3-6-3(a)(2)(i) (West 2006)) is unconstitutional as applied to him. Defendant asserts that the statute is unconstitutional where it requires juvenile offenders, such as himself, to serve 100% of their sentence for certain offenses. Defendant maintains that the Truth in Sentencing Act does not permit juveniles an opportunity to earn sentencing credit and demonstrate that they have been rehabilitated before the conclusion of their sentence. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                  I. BACKGROUND

¶ 4                                A. Defendant's Plea

¶ 5     In March 2008, defendant was arrested and charged with 11 counts of first degree murder and one count of attempted armed robbery. Defendant was 15 years old at the time of the offense. In August 2011, defendant entered into a negotiated guilty plea in exchange for a 24-year sentence on one count of first degree murder. At the plea hearing, the State presented the factual basis for the plea. In March 2007, defendant and Cortez Simpson were playing a game of basketball when the victim, Howard Bennett, rode past on his bike. Simpson remarked that he wanted Bennett's bike. Defendant told Simpson to go steal the bike. Bennett rode the bike into an alley and defendant and Simpson chased after him. Eyewitnesses then heard "loud noises," and defendant and Simpson came running back to the basketball court. Simpson was bleeding from his legs and defendant was holding a gun. First responders arrived on the scene and transported Bennett to a hospital where he was pronounced dead. The cause of death was determined to be injuries inflicted by a "dangerous weapon."

¶ 6     The court found that there was a factual basis for the plea and imposed the agreed-upon sentence of 24 years. Defendant did not file a direct appeal.

¶ 7                              B. Postconviction Petition

¶ 8    In January 2020, defendant filed a *pro se* petition for relief under the Act. In his petition, defendant contended that the Truth in Sentencing Act (730 ILCS 5/3-6-3(a)(2)(i) (West 2006)) was unconstitutional as applied to him under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art I, § 11). Defendant contended that he was 15 years old at the time of the offense and was sentenced to 24 years' imprisonment. Pursuant to the Truth in Sentencing Act, he was required to serve 100% of that sentence. Defendant asserted that in 2019, a panel of this court issued its decision in *People v. Othman*, 2019 IL App (1st) 150823 (*Othman I*). Defendant contended that in that case, this court found that the Truth in Sentencing Act was unconstitutional as applied to juveniles because it prevents juvenile offenders from demonstrating rehabilitation and seeking parole at some point during their prison sentence. Defendant asserted that similar to the defendant in *Othman I*, defendant here was a juvenile offender, convicted of first degree murder, who, because of the Truth in Sentencing Act, was required to serve his entire sentence regardless of his potential for rehabilitation.

¶ 9    Defendant attached to his petition various certificates showing his completion of programs while he was incarcerated at the Illinois Department of Corrections (IDOC). These included educational programs, tutoring programs, and leadership programs. Defendant also attached memoranda from the Danville Correctional Center related to his completion of those programs. These memoranda indicated that his participation in the various educational classes had been reviewed, and it was "determined that [he] [] successfully met [his] goal and [had] been recommended for an award of [Earned Program Sentence Credit.] According to Illinois statute 730 [ILCS] 5/3-6-3(a)(2)(i) you are ineligible for an award of sentence credits." Defendant also

attached to his petition a "Release Plan," that detailed his plans after his release from prison, which included finding a job and pursuing education.

¶ 10    The circuit court dismissed defendant's petition in a written order. The court found that the portions of the *Othman I* decision that defendant relied on his petition had been vacated. Nonetheless, the court found that *Othman I* was distinguishable because the defendant in *Othman I* had been sentenced to 55 years' imprisonment. The court found that the holdings in *Miller v. Alabama*, 567 U.S. 460, and *People v. Buffer*, 2019 IL 122327 were therefore directly applicable to the *Othman I* defendant because he had received a *de facto* life sentence. The court observed that the defendant here did not receive a *de facto* life sentence because his sentence was less than 40 years. The court noted that all statutes are presumed constitutional and concluded that defendant's claims had no arguable basis in law. The court therefore dismissed the petition.

¶ 11    Defendant filed a *pro se* petition for reconsideration, which the circuit court summarily denied. This appeal follows.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant contends that the circuit court erred in dismissing his petition where he established an arguable basis of a meritorious claim that the Truth in Sentencing Act is unconstitutional as applied to him. Defendant maintains that he was a juvenile at the time of the offense, and the Truth in Sentencing Act prevented him from earning sentencing credit against his 24-year sentence. Defendant asserts that this provision is in contrast with *Miller* and related cases because it does not take into account the neurological differences between juvenile and adult offenders and does not factor in a juvenile's potential for rehabilitation. Defendant also asserts that the court erred in relying on *Buffer*, because he is not challenging his sentence on the basis that it is a *de facto* life sentence.

¶ 14                    A. The Post-Conviction Hearing Act

¶ 15    As an initial matter, we note that the Act provides a three-stage mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2018); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). At the first stage of proceedings, as here, defendant is required to set forth only the "gist" of a constitutional claim, and the circuit court may summarily dismiss the petition if it finds that the petition is frivolous or patently without merit, *i.e.*, that it has no arguable basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 9, 16 (2009). A petition has no arguable basis in law or fact where it is based on "an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *People v. Allen*, 2015 IL 113135, ¶ 25 (quoting *Hodges*, 234 Ill. 2d at 16). We review the summary dismissal of a postconviction petition *de novo. People v. Morales*, 2019 IL App (1st) 160225, ¶ 18.

¶ 16                         B. *Othman I*

¶ 17    As noted, defendant's *pro se* petition was based on this court's decision in *Othman I*. Defendant acknowledges, however, that the portions of the *Othman I* decision that defendant relied on in his petition have since been vacated pursuant to a supreme court supervisory order. See *People v. Othman*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order); *People v. Othman*, 2020 IL App (1st) 150823-B ¶¶ 3-5 (*Othman II*). Defendant contends, however, that the reasoning established in the now-vacated portions of *Othman I* is still sound because those portions of the opinion were not vacated on the basis that they were incorrect, but rather because the parties agreed in their joint motion for a supervisory order to remove the language because the case was being remanded for a new trial, and the sentencing issues were not germane to the court's ruling. Defendant maintains that the analysis in *Othman I* is supported by the United States Supreme

Court's decisions in *Miller*, 567 U.S. 460, *Roper v. Simmons*, 543 U.S. 551 (2005) and *Graham v. Florida*, 560 U.S. 48 (2010). Defendant contends that based on those cases, the Truth in Sentencing Act is unconstitutional as applied because it requires juvenile defendants sentenced for certain offenses to serve 100% of their sentence and deprives them of the opportunity to demonstrate their rehabilitative potential during their sentence by earning sentencing credit.

¶ 18     We will first examine this court's holding in *Othman 1*. In that case, the 17-year-old offender was sentenced to 55 years' imprisonment for first degree murder. *Othman I*, 2019 IL App (1st) 150823, ¶ 1. On appeal, this court remanded for a new trial based on an accumulation of errors, including prejudicial testimony, confusing jury instructions, and the improper introduction of hearsay testimony. *Id.* ¶ 75. Despite finding that remand for a new trial was warranted, the court continued to address whether the defendant's sentence was unconstitutional under *Miller* and whether the Truth in Sentencing Act was unconstitutional as applied to juvenile defendants. *Id.* ¶¶ 76-109. The *Othman I* court found that the Truth in Sentencing Act was unconstitutional as applied to juvenile offenders because "every major case on the issue of juvenile justice strongly condemns sentencing policies that prevent a juvenile from seeking to demonstrate rehabilitation and parole at some point during his prison sentence." *Othman I*, 2019 IL App (1st) 150823, ¶ 92.

¶ 19     This court has since found the Truth in Sentencing Act analysis in *Othman I* has "no precedential authority" (*People v. Williams*, 2021 IL App (1st) 200213-U, ¶ 32 (unpublished order pursuant to Supreme Court Rule 23); *People v. Harris*, 2021 IL App (4th) 200095-U, ¶ 45 (unpublished order pursuant to Supreme Court Rule 23)), and was unpersuasive *dicta* that was ancillary to the court's ruling in that case (*People v. Brakes*, 2021 IL App (1st) 181737, ¶ 41).

¶ 20     Since this court's ruling in *Othman I*, our supreme court has issued two important decisions on this topic that support that the conclusions reached in *Williams*, *Harris*, and *Brakes* that the

analysis in *Othman I* should not be followed. First, in *Buffer*, the supreme court found that a sentence of 40 years or less for juvenile offenders "provides 'some meaningful opportunity to obtain release based on demonstrated maturity and *rehabilitation*.' " (Emphasis added.) *Buffer*, 2019 IL 122327, ¶ 41 (quoting *Miller*, 567 U.S. at 479.) Then, in *People v. Dorsey*, the supreme court agreed with the State's contention that "all that is required to uphold the sentence against [an] attack based on *Miller* ***, is 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation [citation] before the juvenile reaches *Buffer's* line drawn at more than 40 years." *People v. Dorsey*, 2021 IL 123010, ¶ 49. The supreme court further held that day-for-day good conduct credit may be considered in determining whether a sentence of more than 40 years is constitutional. *Id.* ¶ 65. The court concluded that the statutory scheme need only provide a juvenile defendant "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation *before he spends more than 40 years in prison*," which was the line drawn by *Buffer*. (Emphasis added and internal quotation marks omitted.) *Id.*

¶ 21     In addressing a contention substantially similar to the one at bar, this court in *Brakes* found that *Dorsey* "effectively overrules' *Othman I*. *Brakes*, 2021 IL App (1st) 181737, ¶ 42. The *Brakes* court explained that "*Dorsey* shifts the focus of the inquiry from the sentence imposed to the actual time a defendant must serve." *Id.* (citing *Dorsey*, 2021 IL 123010, ¶ 64). "In other words, a juvenile defendant's sentence (whether served at 100%, 85%, or 50%) may be subject to a constitutional challenge only if it will keep the juvenile in prison for more than 40 years." *Id.*

¶ 22     We agree with the reasoning in *Brakes* and find *Othman I* both unpersuasive and not precedential. In doing so, we recognize that Illinois courts have repeatedly rejected similar as-applied constitutional challenges to the Truth in Sentencing Act. *See People v. Pacheco*, 2013 IL App (4th) 110409, ¶¶ 57-60; see also *People v. Banks*, 2015 IL App (1st) 130985, ¶ 23; *People v.*

*Cavazos*, 2015 IL App (2d) 120444, ¶ 86. Based on this authority, and the authority discussed above including *Buffer* and *Dorsey*, it is clear that a juvenile defendant who is sentenced a term of imprisonment of less than 40 years is not denied the opportunity to demonstrate his potential for rehabilitation even if he is required to serve 100% of his sentence.

¶ 23    Defendant attempts to distinguish his situation from *Brakes* and *Harris* by pointing out that those cases did not involve the dismissal of postconviction petitions at the first stage. Defendant contends that in those case the defendants were appointed counsels in order to properly present their claims to the circuit court. Defendant maintains that he is merely asking for the same relief here. Essentially, defendant is asking this court to remand to the circuit court for second-stage postconviction proceedings. See *People v. Cotto*, 2016 IL 119006, ¶ 27 ("During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary ***.") However, defendant's claim has no arguable basis in fact or law because it is based on an indisputably meritless legal theory. *Allen*, 2015 IL 113135, ¶ 25. Therefore, remand for further proceedings under the Act would serve no purpose.

¶ 24    We further find unpersuasive defendant's contention that recent legislative enactments demonstrate that sentencing standards for juveniles are changing such that the application of the Truth in Sentencing Act for juvenile offenders "is no longer constitutional." Defendant specifically relies on a recent change to the Unified Code of Corrections that made a person convicted of first degree murder eligible for parole after serving only 20 years imprisonment if he was under 21 years old at the time of the offense. Pub. Act 100-1182 (eff. June 1, 2019) (adding 730 ILCS 5/5-4.5-110); Pub. Act 101-288, § 5 (eff. Jan. 1, 2020) (amending 730 ILCS 5/5-4.5-110(b) and renumbering as 730 ILCS 5/5-4.5-115(b)). This statutory provision has no bearing on the Truth in Sentencing Act and applies only prospectively, rather than retroactively, as defendant now seeks.

As demonstrated above, both the legislature and Illinois courts are attuned to the evolving sentencing standards for juveniles. Neither body, however, has found that it is unconstitutional for a juvenile to be sentenced to a term of imprisonment of fewer than 40 years' imprisonment, even if that juvenile must serve 100% of his sentence.

¶ 25    We therefore find that defendant has failed to raise the gist of a constitutional claim that the Truth in Sentencing Act violates his rights under the eighth amendment or the proportionate penalties clause. Our precedent is clear that there where a defendant has the opportunity for release from prison in less than 40 years, there is no constitutional violation and a juvenile defendant's ability to demonstrate his rehabilitative potential under *Miller* and related cases is satisfied. Accordingly, we find that the circuit court did not err in dismissing defendant's petition.

¶ 26                                III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 28    Affirmed.